**UNITED STATES of America, Plaintiff,**

v.

**John B. MOONEY, Defendant.**

**Civ. A. No. CA-3-74-561-D.**

United States District Court,
N. D. Texas,
Dallas Division.

Sept. 26, 1975.

Kenneth J. Mighell, Asst. U. S. Atty., Dallas, Tex., for plaintiff.

Robert Harms Bliss, Dallas, Tex., for defendant.

ORDER SUSTAINING PLAINTIFF'S MOTION FOR SUMMARY JUDG-MENT AND OVERRULING DE-FENDANT'S MOTION FOR SUM-MARY JUDGMENT

ROBERT M. HILL, District Judge.

This matter came before the court on cross-motions for summary judgment. The court has considered the motions, supporting affidavits, the pleadings, answers to interrogatories and admissions and is of the opinion that the government's motion should be sustained and the defendant taxpayer's motion should be overruled.

There is no genuine dispute as to the facts. The taxpayer and his wife filed a joint return in 1970 which reflected an overpayment of taxes in the amount of $8,738.35. This amount was refunded to the taxpayer and his wife with fifty percent (50%) credited to each. The government subsequently determined that the original division was incorrect since the taxpayer contributed only $3,083.21 to a total tax liability of $16,204.86. The government reapportioned the tax according to a forumla whereby the taxpayer's wife was credited (though the government has withheld actual payment of any additional refund) with a total of $7,075.75 and the taxpayer was charged with the sum of $2,706.58, which the government now seeks to recover from taxpayer which it says represents an overpayment to him.

It is likely that this lawsuit would not have resulted had not taxpayer's marriage ended in divorce on December 21, 1972. Prior to the divorce taxpayer and his wife executed a child support agreement which in part provided, "Each party releases the other from any and all claims which he may have against the other by reason of any matter, cause or thing to the date of this agreement, excepting all rights hereunder or any right to a divorce." Taxpayer rests his defense to the government's attempt to regain the alleged overpayment upon this agreement with his wife. He argues that the parties were aware of the disproportionate repayment of taxes and intended through the agreement to maintain the original division of fifty per-

cent (50%) to each. The government does not quarrel with taxpayer's interpretation of the agreement but answers that the agreement cannot alter the government's duty to properly enforce the tax code, including rightful allocations of refunds.

Taxpayer further argues that the government is seeking a bonanza since the statute of limitations has run against any claim for a refund that his wife might have brought. The government disagrees and at least for the purposes of this lawsuit uncharacteristically admits vulnerability to an action by taxpayer's former wife.

The court has found little direct authority to guide its decision in this matter. Although the court has found no statutory duty to allocate refunds between a husband and wife who file a joint return, the government's general duty in making refunds is to refund only to the taxpayer who made the overpayment. IRC § 6402(a). Also it has been held that the government cannot credit the entire amount of an overassessment on a joint return to the husband's individual liability if it can be shown that the wife contributed to the overpayment *St. John v. Bookwalter,* 58–1 USTC R 9216 (W.D.Mo.1957). On that authority it would appear possible for the taxpayer's former wife to demand a refund if the government had not so generously moved to correct its error.

The government's general practice is to send refunds on joint returns to both parties. In this case the government made an allocation of fifty percent (50%) to each party, which admittedly was not proportional to the amount of overpayment each generated. The taxpayer cannot stop the government's correction of error on the grounds of an agreement between him and his wife. The government cannot in the usual case be put to the burden of determining the validity of agreements to which it is not a party. The government is therefore entitled to a refund of the overpayment to defendant taxpayer who is left with the roundabout remedy of seeking to recover against his former wife on the basis of their child support agreement.

The government's attorney is directed to promptly prepare a judgment to be entered in this case.

It is so ordered.