Richard E. WARNER and Virginia A.
Warner, Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Appellee.

No. 75–1152.

United States Court of Appeals,
Ninth Circuit.

Nov. 5, 1975.

Rehearing Denied Jan. 13, 1976.

Mr. & Mrs. Richard Warner in pro.
per.

Meade Whitaker, Chief Counsel, IRS,
Washington, D. C., Michael L. Paup and

Joseph L. Liegl, Attys., U. S. Dept. of Justice, Tax Div., Washington, D. C., for appellee.

## OPINION

Before WALLACE and SNEED, Circuit Judges, and CARR, District Judge.*

SNEED, Circuit Judge:

This case demonstrates that the bureaucratic way in which the Commissioner must gather revenue leaves little opportunity for *ad hoc* face-to-face adjustments that sometimes are made between individual debtors and creditors.

The appellants' 1969 federal income tax return omitted certain items of income which, in fact, were reflected on proper W-2 forms that were attached to the return. The return showed appellants entitled to a refund of $2,070.15. After a false start in which an "incorrect" refund check in the amount of $20.70 was returned by the appellants, the Commissioner, in June 1970, sent to the appellants the "proper" refund.

All remained quiet until appellants filed their 1970 income tax return. Accompanying this return was a registered letter informing the Commissioner that there "may have been" an error in the 1969 return and authorizing him to deduct any amount that may be owing from appellants' 1970 refund. The Commissioner did not acknowledge this letter and, in due course, he sent to the appellants the full amount of their 1970 refund.

If this story could end here certainly there are some who would applaud the appellants' Chaplinesque triumph. But it was not to be. A few months after appellants' receipt of the full 1970 refund, the Commissioner, perhaps motivated by the unacknowledged registered letter, notified the appellants that their 1969 return was to be audited. It was now some time in 1971. The audit went forward, a proposed deficiency was reported to the appellants, they objected, and a district conference resulted. This took time. Finally, on July 26, 1972, the Commissioner issued a statutory notice of deficiency for $683 for 1969.

■ The appellants asserted in the Tax Court that the Commissioner could recoup his erroneous 1969 refund only by a suit for refund, pursuant to Sec. 7405 of the Internal Revenue Code of 1954, and that such a suit was barred by the two-year period of limitations set forth in Sec. 6532(b) of the Code. The Commissioner asserted that he may choose to proceed under the deficiency procedures to which a three-year period of limitations is applicable. Section 6501(a), Internal Revenue Code of 1954.

The Tax Court agreed with the Commissioner and so do we. *Cf. Rushlite Automatic Sprinkler Co. v. United States,* 294 F.2d 572, 574 (9th Cir. 1961).

■ The appellants also invoke a form of "estoppel" that rests on the notion that the Commissioner ought not to make refunds and reserve the right to get them back when an ordinary examination of the return would have indicated that the full amount of the refund was not allowable. Alas, the Commissioner, confronted by millions of returns and an economy which repeatedly must be nourished by quick refunds, must first pay and then look. This necessity cannot serve as the basis of an "estoppel."

The judgment of the Tax Court is affirmed.

Affirmed.

---

* Honorable Charles H. Carr, United States District Judge for the Central District of California, sitting by designation.