**Ruth GORDON, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 84–3094.**

United States Court of Appeals, Eleventh Circuit.

April 15, 1985.

Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., Michael L. Paup, Chief, Appellate Section, William S. Estabrook, Laurie A. Snyder, U.S. Dept. of Justice, Washington, D.C., for defendant-appellant.

Brian C. Ellis, Tampa, Fla., for plaintiff-appellee.

* Honorable John W. Peck U.S. Circuit Judge for

Before GODBOLD, Chief Judge, HILL, Circuit Judge, and PECK *, Senior Circuit Judge.

JOHN W. PECK, Senior Circuit Judge:

This case is a suit by taxpayer Ruth Gordon to recover payment of a deficiency, plus interest and penalties, which arose as a result of the Internal Revenue Service partially disallowing a refund. This refund had been granted on the basis of joint tax returns by Gordon and her ex-husband and had been credited to a separate tax liability which had been incurred by him. The United States District Court for the Middle District of Florida held that Gordon was entitled to recover the deficiency payment. The United States appeals, arguing that the Internal Revenue Service followed correct procedures. We agree, and reverse.

## FACTS

Gordon and her ex-husband, John Elkinton, filed tardy tax returns for 1972 and 1973 on March 19, 1975. Gordon and Elkinton were married during the 1972 and 1973 taxable years; they were divorced in January 1974. The tax laws allow a couple who have subsequently divorced to file a joint tax return if they were married during the period covered by the return. *See* 26 U.S.C. §§ 6013(a) and 6013(d)(1)(A). The tax return showed the couple's tax liability for 1972 to have been $9,267.99, and their liability for 1973 to have been $1,486.78. The couple had paid $11,264.80 in taxes for 1972, all the result of withholding on Elkinton's income, and $4,605.08 in taxes in 1973, of which $4,392.28 was the result of withholding on Elkinton's income and $212.70 the result of withholding on Gordon's income. As a result of the excess of taxes paid over taxes due, the couple claimed a refund of $3,118.30 for 1973, and a refund of $1,996.81 for 1972, for a total refund of $5,115.11.

the Sixth Circuit, sitting by designation.

The Internal Revenue Service, as is its normal practice, allowed an immediate refund to the couple, subject to disallowance as the result of audit. I.R.S. discovered at this point that Elkinton had an outstanding tax liability as the result of an unpaid penalty assessed against him as a result of his failure to follow proper tax procedures in a business for which he was an officer.[1] The amount of the penalty, for which Elkinton was solely responsible, was $8,754.50. I.R.S., instead of issuing a refund check, applied the full amount of the refund to Elkinton's outstanding liability for the penalty. I.R.S. then audited the joint returns and found that they understated the amount of tax due on Gordon's and Elkinton's income for 1972 and 1973 by a total figure of $3,527.98. Although the amount which had been withheld from taxpayers' income for 1972 and 1973 exceeded the amount of taxes which they had owed for those years, as determined by the audit, it did not exceed taxpayers' liability by as much as the amount of the refund that had already been credited to Elkinton's account. The result was that taxpayers' net tax payments had been less than the amount due. Since Elkinton and Gordon had filed a joint return, 26 U.S.C. § 6013(d)(3) made them jointly and severally liable for any taxes due on the return. Accordingly, I.R.S. filed notices of deficiency against both Gordon and her ex-husband, Elkinton.

Elkinton and Gordon filed separate petitions in the United States Tax Court for a determination of the amount of the deficiency due. Elkinton's petition was dismissed for failure to prosecute, and the Tax Court determined Gordon's deficiency to be $3,527.98.[2] Gordon paid the entire $3,527.98, plus interest and penalties totalling $1,589.19, for a total of $5,117.17. Gordon paid this amount on August 16, 1979, and after filing timely refund claims with I.R.S., filed suit in the United States District Court for the Middle District of Florida, seeking recovery of the payment. She argued that there had been no deficiency with respect to herself, but only with respect to Elkinton, as he had received the full benefits of the refund payment which had created the deficiency. The defendant, the United States, conceded that Gordon should receive a refund of $143.44, the portion of the refund which represented taxes on her income, but otherwise asserted that I.R.S.'s actions had been correct. The district court accepted Gordon's arguments, and ordered that she be given a refund of the full $5,117.17, plus interest. The Government filed a timely appeal to this court.

## DISCUSSION

I. The Propriety of I.R.S.'s Deficiency Procedures

The Government asserts that I.R.S. acted properly in asserting a deficiency against Gordon. While the Government does not dispute that the deficiency occurred as a result of I.R.S.'s action in first crediting Elkinton with a refund and then determining that the amount of the refund was excessive, it nevertheless argues that I.R.S. followed proper statutory procedures in assessing the deficiency. We agree.

In allowing a pre-audit refund, subject to repayment in the event of a determination that the refund was excessive, I.R.S. followed proper procedures. 26 C.F.R. § 301.6402-4; *Warner v. Commissioner of Internal Revenue*, 526 F.2d 1, 2 (9th Cir.1975). I.R.S. also followed correct procedure in applying the refund to an existing tax liability. 26 U.S.C. § 6402(a) states, in pertinent part,

> In the case of any overpayment, the Secretary [of the Treasury] ... may credit the amount of such overpayment ... against any liability in respect of an internal revenue tax on the part of the

---

1. The penalty, known as a responsible officer penalty, was assessed for Elkinton's failure, as an officer of R.C.M. Enterprises, Inc., to withhold and pay proper taxes for employees of the corporation.

2. The Government does not plead res judicata on the basis of this determination.

person who made the overpayment and shall refund any balance to such person. Where spouses claim a refund under a joint return, the refund is divided between the spouses, with each receiving a percentage of the refund equivalent to his or her proportion of the withheld tax payments. *See, e.g., Rosen v. United States*, 397 F.Supp. 342 (E.D.Pa.1975); *United States v. Mooney*, 400 F.Supp. 98 (N.D.Tex.1975). The bulk of the tax withheld on which a refund was claimed had been paid to Elkinton; I.R.S., however, applied the entire amount of the refund to reducing Elkinton's outstanding liability. The Government now concedes that it was error to apply Gordon's portion of the repayment, which amounted to $143.44, to Elkinton's liability. Under the statute, however, it plainly was proper for I.R.S. to credit Elkinton's portion of the refund—$4,971.67—to his liability.

■ Gordon argues that it is wrong to allow I.R.S. to assert a deficiency against taxpayer when such a deficiency would not have existed if I.R.S. had not erroneously allowed a refund. This is precisely the argument made by taxpayers in *Warner v. Commissioner, supra.* The *Warner* court rejected this argument, and so must we. As the *Warner* court observed, "[T]he Commissioner, confronted by millions of returns and an economy which repeatedly must be nourished by quick refunds, must first pay and then look. This necessity cannot serve as the basis of an 'estoppel.'" *Warner, supra,* at 2. We believe that the reasoning of the *Warner* court was sound. A policy which would require the Commissioner to delay refunds until after audits were made would be economically burdensome, and is certainly not required by statute.

■ It is not disputed that Elkinton's and Gordon's joint tax returns understated the amount of their tax liability for 1972 and 1973. A deficiency, as defined by 26 U.S.C. § 6211(a), is determined by comparing the amount of tax due with the amount of taxes paid and the amount of rebates paid to taxpayers. As defined by 26 U.S.C.

§ 6211(b), the term "rebate" includes refunds made. I.R.S. applied this standard in determining that a deficiency existed with respect to Elkinton's and Gordon's joint tax payments for 1972 and 1973. 26 U.S.C. § 6212(a) authorizes the Secretary of the Treasury to send notices of any deficiencies to taxpayers and 26 U.S.C. § 6212(b) requires that parties who filed a joint return but are no longer living at the same address each receive notice of such a deficiency. Elkinton and Gordon, who were divorced as of the time of the deficiency determination, each received notice.

As the foregoing discussion makes clear, I.R.S. scrupulously followed each step in the statutory mandate in its determination that a deficiency existed with respect to Elkinton's and Gordon's joint tax return. I.R.S. acted equally properly in the steps that led to the existence of the deficiency, namely, the grant of the refund, its application to Elkinton's existing tax liability (to the extent, at least, that the refund represented taxes withheld on Elkinton's income), and the subsequent determination that additional taxes were due. It follows, then, that I.R.S. cannot be faulted for the assessment of the deficiency.

## II. Gordon's Liability for the Deficiency

■ The Internal Revenue Code specifies that taxpayers who file a joint return are jointly and severally liable for tax due on income reported by the return. 26 U.S.C. § 6013(d)(3). 26 U.S.C. § 6013(e) creates certain exceptions to this rule of joint liability; none of these express exceptions apply here, however. Nor does the fact that Elkinton and Gordon were divorced when they filed the return and when the deficiency determination was made exempt either from joint and several liability. 26 U.S.C. § 6013(d)(1)(A) specifies that the status of two individuals as husband and wife is determined for tax purposes, as of the end of each taxable year. Elkinton and Gordon were still married at the end of 1972 and 1973, and therefore were entitled to file joint returns for these years, 26 U.S.C. § 6013(a). Having filed joint re-

turns, they were jointly and severally liable on them, by the express terms of 26 U.S.C. § 6013(d)(3).

Both parties argued extensively on appeal as to whether *Fine v. Commissioner*, 70 T.C. 684 (1978), a case with facts somewhat similar to the present case, is sufficiently analogous to dictate a judgment in favor of the Government, which prevailed in *Fine*. We consider it unnecessary to resolve this debate, for two reasons. First, the decision in *Fine* was made by the United States Tax Court, a court which has considerable expertise in tax matters, but whose decisions are not binding on this court. More importantly, the present case presents a clearcut case of statutory interpretation. In the absence of authority binding upon this court, it is unnecessary to make a detailed analysis of case law to determine the plain meaning of the statute. The statute, 26 U.S.C. § 6013(d)(3), expressly says that parties who file a joint tax return are jointly and severally liable for payment of taxes thereon. Gordon cites no legislative history which would alter the obvious conclusion that this language means precisely what it says. Nor does she cite any case authority which would support a different interpretation; her citation of cases is limited to cases in which taxpayers have advanced arguments similar to hers, and lost. She argues that no one of these cases mandates a decision in the Government's favor. This may be true, but it does not help her position; given that the meaning of the statute seems clear in making her jointly liable for the deficiency, it is up to her to point to the possibility of a different interpretation.

III. Conclusion

In determining that a deficiency existed for Elkinton's and Gordon's 1972 and 1973 tax liability, and in assessing this deficiency against both Elkinton and Gordon, I.R.S. scrupulously followed legal requirements. I.R.S. also followed legal requirements in its actions with respect to the refund and credit which led to the deficiency, with the exception, as the Government has conceded, of improperly crediting Elkinton's account with $143.44 which was properly due Gordon. Gordon and Elkinton were jointly and severally liable for the payment of the resulting deficiency. No law or regulation required I.R.S. to recover the deficiency by undoing the credit it had granted Elkinton. The judgment of the district court must accordingly be reversed. On remand, the district court should direct the Government to reimburse to Gordon in the sum of $143.44 and interest thereon, if it has not already done so. This case is REVERSED and REMANDED for further proceedings not inconsistent with this opinion.