MAGDALENE HARRIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harris v. Commissioner
Docket No. 22558-90
United States Tax Court
T.C. Memo 1992-464; 1992 Tax Ct. Memo LEXIS 489; 64 T.C.M. (CCH) 518; August 18, 1992, Filed *489 Decision will be entered for respondent. For Magdalene Harris: pro se. For Respondent: Michael T. Breen. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioner's 1986 Federal income tax in the amount of $ 7,235.97. After a concession, [2] the issues for decision are (1) whether an amount received in settlement of a claim of race discrimination made pursuant to title VII of the Civil Rights Act of 1964 is excludable from gross income pursuant to section 104(a)(2) as an amount received on account of personal injury, and, (2) if not so includable, whether respondent is nevertheless barred from assessing a deficiency in petitioner's 1986 tax. *490 This case was submitted fully stipulated. The parties, by way of agreement filed with this Court on May 11, 1992, agreed, with respect to the first issue above, to be bound by the then pending decision in United States v. Burke, 504 U.S.    , 112 S. Ct. 1867 (1992). The stipulation of facts and accompanying exhibits, as well as the parties' agreement, are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided at Dora, Alabama. In July 1985, the U.S. General Accounting Office (GAO) reached a single "Settlement Agreement" (the Agreement) in two administrative class actions brought against it alleging racial discrimination in GAO's promotion practices under title VII of the Civil Rights Act of 1964 (hereafter title VII), Pub. L. 88-352, 78 Stat. 253, as amended, 42 U.S.C. section 2000e (1988). GAO agreed, inter alia, to the payment of $ 3,500,000 to members of both classes in settlement of all monetary claims. A settlement fund was established for this purpose, and the amount of payment to each member was determined by formulae set forth in the agreement. As a GAO employee and member in the above class actions, *491 petitioner received $ 21,824 from the settlement fund in 1986, from which Federal, Georgia, and social security taxes were withheld. GAO issued petitioner a Form W-2 designating the $ 21,824 as taxable compensation paid in 1986 and indicating the amounts of withheld taxes. On her timely filed 1986 Federal income tax return, petitioner reported the $ 21,864 amount as taxable income. However, by amended return filed on June 8, 1987, she reported that that amount is excludable from income pursuant to section 104(a)(2) and claimed a refund of an overpayment of tax. Respondent accepted the amended return and issued petitioner the requested refund. Subsequently, in June 1988, respondent determined that petitioner's 1986 tax year should be opened for examination and so notified petitioner. On March 22, 1990, petitioner consented to the extension of the limitations period to assess tax by signing Form 872-A and forwarding it to respondent. Respondent executed the Form 872-A on March 27, 1990. The statutory notice of deficiency in this matter was issued by respondent on July 12, 1990. Section 104(a)(2) provides an exclusion from gross income for "the amount of any damages received *492 * * * on account of personal injuries or sickness". At section 1.104-1(c), Income Tax Regs., "damages received" is defined as "an amount received * * * through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution." In United States v. Burke, supra, the Supreme Court addressed whether settlement proceeds received pursuant to title VII claims are taxable. It held that title VII, by limiting available remedies to back pay and other injunctive relief, does not redress a tort-like personal injury within the meaning of section 104(a)(2), and therefore the proceeds received pursuant to a title VII claim are not excludable from gross income. [3]Id. Petitioner has agreed to be bound by the decision in Burke, which, in any event, controls the outcome of this case. See also Fogle v. Commissioner, T.C. Memo. 1992-412 (involving the receipt of proceeds from the same settlement agreement as the case at bar). Accordingly, we hold that the $ 21,824 in settlement proceeds received by petitioner in 1986 is includable in her gross income. *493 Petitioner argues nevertheless that because respondent accepted her amended return for 1986 and granted the related claim for refund, respondent should now be barred from assessing a deficiency in petitioner's 1986 tax. It is unclear whether petitioner is arguing that the case is time-barred or whether she is making an estoppel argument. Either way we find no support for her contention. Section 6501 provides the period of limitations for the assessment of tax. Petitioner timely filed her 1986 return; thus, in general the tax must be assessed within 3 years of the return due date. Sec. 6501(a) and (b)(1). In this case, the period of limitations would have ended on April 15, 1990. But if, prior to the expiration of the limitations period, the parties agree in writing to extend the period, it is extended as agreed upon. Sec. 6501(c)(4). The record affirmatively establishes that the parties consented in writing to an extension of the limitations period prior to its expiration on April 15, 1990, and that respondent's deficiency notice was issued prior to the expiration of the extended period. Consequently, respondent is not barred by the period of limitations. We further hold *494 that respondent is not estopped from determining a deficiency merely because she previously accepted petitioner's amended return and issued a refund. Such an argument was rejected in Warner v. Commissioner, 526 F.2d 1 (9th Cir. 1975), affg. T.C. Memo. 1974-243, wherein the Ninth Circuit explained: Alas, the Commissioner, confronted by millions of returns and an economy which repeatedly must be nourished by quick refunds, must first pay and then look. This necessity cannot serve as the basis of an "estoppel." [526 F.2d at 2.] See also Gordon v. United States, 757 F.2d 1157 (11th Cir. 1985); Baasch v. Commissioner, T.C. Memo. 1991-134, affd. without opinion 962 F.2d 4 (2d Cir. 1992). To give effect to the foregoing, Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year at issue; Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner concedes that she is entitled to a child care credit in the amount of $ 191 determined by respondent in the notice of deficiency rather than the $ 240 amount claimed on her return.↩
3. The holding in Burke↩ addresses only title VII claims brought prior to the enactment of the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071, effective November 21, 1991, which amended title VII in a number of significant respects. The case at bar involves pre-1991 Civil Rights Act claims.