29 F.3d 632
 74 A.F.T.R.2d 94-5516
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis Roy HACKER, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70923.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 26, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taxpayer Dennis Roy Hacker appeals pro se the tax court's summary judgment in favor of the Commissioner of Internal Revenue ("Commissioner"), in Hacker's action seeking a redetermination of a tax deficiency and additions to tax. Hacker also appeals the tax court's imposition of a $5,000 penalty under 26 U.S.C. Sec. 6673. We have jurisdiction under 26 U.S.C. Sec. 7482, and we affirm both the summary judgment and the imposition of the penalty.
 
 
 3
 * Summary Judgment
 
 
 4
 We review de novo the tax court's summary judgment in favor of the Commissioner. Estate of Schnack v. Commissioner, 848 F.2d 933, 935 (9th Cir.1988). The Commissioner's deficiency determinations as to the taxes and penalties owed by Hacker are presumed correct. See Hokanson v. Commissioner, 730 F.2d 1245, 1249 (9th Cir.1984). Hacker had the burden of proving the determinations incorrect. See id. Hacker was required to articulate clear and concise assignments of each error committed by the Commissioner and clear and concise statements of the facts supporting each assignment of error. See 26 U.S.C. Sec. 7453; Tax.Ct.R. 34(b)(4) & (5).
 
 
 5
 Gary Hacker and his wife Juliet Hacker filed a joint tax return for tax year 1988 which accurately reported Gary Hacker's income and the couple's tax liability.[1] The return indicated that the Hackers paid $9,677 in income tax for that year and claimed and received a refund of $3,331. Subsequently, Dennis Hacker filed an amended return claiming a refund of $6,444 of the income taxes paid on the grounds that he was a nonresident alien and did not have income related to a United States trade or business. Pursuant to his amended returns, the IRS refunded Gary Hacker $6,444. The IRS subsequently determined that it had refunded the tax erroneously and assessed a deficiency against Dennis and Juliet Hacker to recover the refund. Upon receipt of the notice of deficiency, Gary Hacker filed a petition with the tax court alleging that he was a nonresident alien who derived no income from any United States source. During the summary judgment proceedings, Hacker dropped these contentions and argued instead that the notice of deficiency was invalid because it was based upon taxable income that had already been reported correctly on his 1988 tax return, and that he had paid the liability for that year in full. Hacker also argued that the notice of deficiency was invalid because it was based on his original return, which had been superseded by the amended return.
 
 
 6
 We agree with the tax court that Hacker's arguments are meritless. First, section 6211(a) of the Internal Revenue Code provides that the Commissioner must include rebates given to the taxpayer in calculating a deficiency. 26 U.S.C. Sec. 6211(a). Here, the IRS erroneously refunded $6,444 to Hacker as a result of his filing an amended tax return stating he was a nonresident alien. This refund constituted a rebate for purposes of section 6211(a). See Treas.Reg. Sec. 301.6211-1(f); Gordon v. United States, 757 F.2d 1157, 1160 (11th Cir.1985) (under section 6211(a) "the term 'rebate' includes refunds made"). When the Commissioner determines that a tax shown on a return is incorrect because of an erroneous rebate, that erroneous credit must be added to the deficiency assessment. Hansen v. Commissioner, 820 F.2d 1464, 1468-69 n. 1 (9th Cir.1987). Accordingly, Hacker's contention that there is no deficiency because his 1988 return accurately reported his income and tax liability lacks merit.
 
 
 7
 We also reject Hacker's contention that the notice of deficiency is null and void because it was issued to both Hacker and his wife, whereas only he filed the amended return that resulted in the erroneous refund leading to the deficiency. Hacker and his wife filed a joint return in 1988. In his amended return, filed only in his name, Hacker sought and eventually obtained a refund of taxes that he and his wife Juliet Hacker had paid. Accordingly, because Dennis and Juliet Hacker paid joint income taxes for 1988, both were liable for the deficiency that resulted from the erroneous refund of those taxes given to Dennis Hacker.
 
 II
 Sanctions
 
 8
 The tax court imposed a $5,000 penalty on Hacker pursuant to 26 U.S.C. Sec. 6673 for filing a frivolous petition. We review for abuse of discretion the tax court's imposition of a penalty under 26 U.S.C. Sec. 6673. Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986).
 
 
 9
 Title 26 U.S.C. Sec. 6673 authorizes the tax court to impose a penalty in favor of the United States, in an amount not to exceed $25,000, whenever it appears that the taxpayer's position in a proceeding is frivolous, groundless, or instituted or maintained primarily for delay. See Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985) (per curiam). Here, the tax court warned Hacker that it would impose sanctions if he persisted in litigating his claim. "When taxpayers are on notice that they may face sanctions for frivolous litigation, the tax court is within its discretion to award sanctions under section 6673." Wolf v. Commissioner, 4 F.3d 709, 716 (9th Cir.1993). Accordingly, the tax court did not abuse its discretion by imposing a penalty against Hacker.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hacker was employed by McDonnell Douglas Corp and McAir Support Services, Inc