T.C. Memo. 1995-607

UNITED STATES TAX COURT

BERNARD F. KOCHEVAR, SR. AND MARLENE C. KOCHEVAR,
Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27054-93.                    Filed December 26, 1995.

Bernard F. Kochevar, Sr. and Marlene C. Kochevar, pro sese.

Paul Dixon, for respondent.

MEMORANDUM OPINION

GOLDBERG, Special Trial Judge:  This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.[1]  Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1990 in the amount of $6,625, and an addition to tax under section 6651(a)(1) in the amount of $494.

[1]     Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[2] the issues for decision are: (1) Whether petitioners are engaged in the business of being professional slot machine players, and, if so, whether they are entitled to claim certain gambling related expenses as ordinary and necessary business expenses under section 162; (2) whether petitioners are entitled to deduct the portion of their gambling losses that exceeds their gambling winnings; and (3) whether petitioners are liable for an addition to tax under section 6651(a)(1).

Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Reno, Nevada, at the time their petition was filed.

Petitioner Bernard F. Kochevar, Sr. (Mr. Kochevar) has been employed by Welsh Engineering, Inc. as an engineer and surveyor since 1988, and, according to his testimony, works an average of 50 to 70 hours each week. Petitioner Marlene C. Kochevar (Mrs. Kochevar) is a paralegal, and, during 1990, worked for several employers. For several months during the year, Mrs. Kochevar maintained a full-time position with the Airport Authority in Nevada, as well as a part-time position with Welsh Engineering, Inc. as an evening contract typist. At all times during 1990, Mrs. Kochevar maintained full-time employment.

---

[2]    Petitioners concede that they failed to report interest income of $45 and nonemployee compensation of $1,253.

Petitioners began playing progressive slot machines on a frequent basis in 1989. Petitioners testified that they traveled to local casinos in the evenings after work and on weekends, spending 20 to 40 hours each week studying and playing slot machines. They spent the majority of their time at the Sparks Nugget and Western Village casinos in Sparks, Nevada, and the Peppermill Casino in Reno.

On or about April 15, 1991, petitioners filed a Form 4868 requesting an automatic 4-month extension of time to file their 1990 joint Federal income tax return and paying their estimated 1990 net tax liability of $1,813. Petitioners' request was granted, and, on August 15, 1991, the final day of the extension, they postmarked their 1990 return, wherein they requested a refund of $6,461. This amount was calculated as follows: total tax due of $7,199, less Federal income tax withheld of $11,847 and $1,813 paid with Form 4868. Petitioners received their refund of $6,461 in a check dated September 20, 1991, issued by the U.S. Treasury.

On the Schedule C attached to their 1990 Federal income tax return, petitioners stated that they were engaged in the business of being professional slot machine players. They reported income and expenses from gambling activities in the respective amounts of $24,777 and $47,853, resulting in a net loss of $23,076. The expenses claimed in connection with their gambling were as follows: (1) Automatic teller machine (ATM) charges and tips in

the amount of $740; (2) office expenses and supplies totaling $37; (3) mileage allotment for travel to the casinos in the amount of $340; (4) meals at the casinos in the amount of $144; and (5) losses in the amount of $46,592. Petitioners also attached a Form 8275 to their return, wherein they disclosed the nature and extent of their gambling activities in great detail.

On September 2, 1992, after their 1990 Federal income tax return was selected for examination, petitioners met with Mr. Lynn Peterson, an Appeals Officer of the Internal Revenue Service (IRS), to discuss their case. In a letter dated June 17, 1993, Mr. Peterson stated in pertinent part:

> You and I discussed you and your wife's approach to slot machine playing and I told you that I accepted that you were in a trade or business. I still accept that you are in a trade or business. * * *
>
> * * * Absent any other provision of the Internal Revenue Code, section 162 of the Code would allow you to take the net loss from your trade or business of slot machine player and offset income from other sources.
>
> * * * * * *
>
> [However,] [t]he problem is Internal Revenue Code section 165(d). This section reads as follows:
>> (d) Wagering Losses.--Losses from wagering transactions shall be allowed only to the extent of the gains from such transactions. * * *
>
> * * * If you wish a report to accept the adjustments, please call or write by 7/15/93. If I do not hear from you at all, then I will have to send you the report, called a statutory notice of deficiency, that will allow you to take the issues to the Tax Court.

In the notice of deficiency dated September 24, 1993, respondent determined that petitioners were not entitled to

deduct expenses connected with wagering in excess of gross receipts from the wagering activities under section 165(d). Respondent also determined that petitioners were liable for an addition to tax under section 6651(a)(1) for failure to file their return within the time prescribed by law.

Section 165(d) provides that "Losses from wagering transactions shall be allowed only to the extent of the gains from such transactions."  In Boyd v. United States, 762 F.2d 1369, 1372-1373 (9th Cir. 1985), the Ninth Circuit Court of Appeals stated:

> To resolve the conflict between section 162(a) and 165(d), we looked to the rule that a specific statute controls a general statute. * * *  Section 162(a) deals with all business expenses, whereas 165(d) specifically addresses gambling losses.  Section 165(d) therefore controls, and a gambling loss, although it may be a business expense, is deductible only to the extent of gambling gains.  [Citations omitted.]

See also Valenti v. Commissioner, T.C. Memo. 1994-483.  As such, petitioners are not entitled to claim wagering losses in excess of their winnings even assuming they were engaged in the business of being professional slot machine players.  See Kozma v. Commissioner, T.C. Memo. 1986-177 (related expenses included in wagering losses subject to section 165(d) limitations). Respondent is sustained on this issue.

In an attempt to overcome the limitation of section 165(d), petitioners pose several arguments:  (1) Respondent is estoped from disputing their return as filed because the petitioners were

issued a refund for the full amount requested on the return by the IRS; (2) they should not be held liable for the deficiency because they gave full disclosure of their position on the Form 8275 attached to their return; and (3) the application of section 165(d) violates their right to equal protection in that it treats professional gamblers differently than taxpayers in other trades or businesses.

In response to petitioners' first argument, the fact that petitioners received a tax refund does not preclude respondent from later determining a deficiency in petitioners' taxes for the same taxable year. Gordon v. United States, 757 F.2d 1157, 1160 (11th Cir. 1985); Warner v. Commissioner, 526 F.2d 1 (9th Cir. 1975), affg. T.C. Memo. 1974-243; Hacker v. Commissioner, T.C. Memo. 1993-285, affd. without published opinion 29 F.3d 632 (9th Cir. 1994). In the same vein, the disclosure of a position by a taxpayer does not prevent respondent from later determining that the position is in error. The purpose of Form 8275 is to shield taxpayers from an addition to tax for negligence or substantial understatement of income tax. See secs. 6653, 6661(b). In response to petitioners' final argument, we quote our decision in Valenti v. Commissioner, supra: "The argument that section 165(d) violates equal protection as applied to those engaged in the trade or business of gambling borders on the frivolous. We reject it without further discussion."

Respondent determined that petitioners are liable for an addition to tax for filing their 1990 Federal income tax return after the due date. Section 6651(a)(1) provides for an addition to tax in the amount of 5 percent of the amount of the tax if the failure to file is for not more than 1 month, with an additional 5 percent for each month in which the failure to file continues, not exceeding 25 percent of the tax in the aggregate. The addition to tax is applicable unless it is shown that the failure to file is due to reasonable cause and not willful neglect.

Respondent contends that petitioners' 1990 tax return was due on April 15, 1991, and that the return was not filed until August 19, 1991. Petitioners maintain that they had an automatic extension of time to file their tax return. While it is true that petitioner filed an application for an automatic extension of time, respondent contends that the application is invalid because petitioners failed to estimate properly their tax for 1990 when they filed their Form 4868. Sec. 1.6081-4(a)(4), Income Tax Regs.

On their application for extension, petitioners estimated their 1990 tax liability, without taking into consideration their gambling losses, to be $13,660. After deducting taxes withheld of $11,847, petitioner remitted a check to the IRS in the amount of $1,813. In the notice of deficiency, respondent determined that petitioners' 1990 tax liability was $13,824. The deficiency

resulted from the refund issued to petitioners after they filed their return on August 19, 1991.

Exactitude is not required in making an estimation of one's tax liability for purposes of an automatic extension.  Crocker v. Commissioner, 92 T.C. 899, 907 (1989).  A taxpayer must make a bona fide and reasonable estimate of the tax liability based on the information available when a request for extension is made. Id. at 908; see Berlin v. Commissioner, 59 F.2d 996 (2d Cir. 1932), affg. a Memorandum Opinion of this Court.  Therefore, we find that petitioners properly estimated their tax liability, and, as such, the time in which petitioners were permitted to file was extended 3 months.  Because the envelope containing their 1990 return was postmarked on August 15, 1991, we conclude that petitioners are not liable for an addition to tax under section 6651(a)(1).

To reflect the foregoing,

Decision will be entered for respondent, except as to the addition to tax under sec. 6651(a)(1).