T.C. Summary Opinion 2001-100

UNITED STATES TAX COURT

SCOTT THOMAS AND JENNIFER GUNDRY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9543-00S.                    Filed July 2, 2001.

Scott Thomas and Jennifer Gundry, pro se.

<u>Daniel J. Parent</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, section references hereafter are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $2,426 in petitioners' 1998 Federal income tax.

The issues for decision are: (1) Whether respondent is barred or precluded from making an assessment against petitioners for an erroneous refund, and (2) if respondent is not so barred, whether petitioners are entitled to an abatement of the interest on the deficiency under section 6404(e)(2).

Some of the facts were stipulated. Those facts and the accompanying exhibits are so found and are incorporated herein by reference. Petitioners' legal residence at the time the petition was filed was Suisun, California.

Petitioners filed a timely joint Federal income tax return for 1998. Attached to their return were three Internal Revenue Service (IRS) Forms W-2, Wage and Tax Statement, for salaries and wages earned by petitioners during 1998 that totaled $33,391.85. In addition, third-party payers reported to the IRS through information returns income payments to petitioners during 1998 totaling $198 for interest and dividends.

On their Federal income tax return for 1998, petitioners did not report the $198 dividend and interest income. On line 7 of the return, for wages and salaries, petitioners reported $3,340 in wage and salary income rather than the $33,391.85 shown on the IRS Forms W-2 they had received. However, on page 2 of their return, petitioners reported $33,400 in income, which

approximated the $33,391.85 in wage and salary income. The difference of $8.15 was not explained at trial. Petitioners calculated the tax on their return based on income of $33,400. After allowing for deductions and exemptions, their tax liability was $2,704. Petitioners had prepaid $140 through taxes withheld on their wages, and, thus, their return showed a balance due of $2,564. Petitioners paid this amount. Sometime thereafter, petitioners received from respondent a check for the refund of taxes in the amount of $2,426. At trial, counsel for respondent advised the Court that the $2,426 refund was based on respondent's erroneous reliance on the wage income amount of $3,340 that was shown on line 7 of petitioners' return, and, based on such income amount, petitioners had overpaid their taxes, for which a refund for overpayment was made to petitioners. Respondent thereafter issued the notice of deficiency, upon which this case is based, to rectify the obvious error by respondent and determined a deficiency based on petitioners' correct wage income plus the interest and dividend income petitioners failed to report on their return.[2]

---

[2] The notice of deficiency is based on $31,253 in wage income. Counsel for respondent at trial agreed that this amount excludes wage income earned by petitioner Jennifer Gundry in the amount of $2,138.67, which respondent inadvertently failed to include in the notice of deficiency. Respondent did not file an answer to assert an increased deficiency for this omitted income and conceded that amount at trial.

Petitioners contend that, even though they incorrectly reported the amount of their wage and salary income on page 1 of their return, the second page of their return and their computation of tax was based on the correct amount of their wage and salary income but admittedly did not include the $198 in dividend and interest income. Therefore, petitioners contend that, since respondent remitted $2,426 to them as the refund of an overpayment, respondent is precluded from issuing a notice of deficiency simply to rectify an error that respondent committed. Petitioners further contend that the interest on the deficiency should be abated if they are held liable for the amount of the deficiency because the refund was based on an error by respondent.

The law is well settled that the granting of a refund does not preclude the Commissioner from issuing a notice of deficiency to recover the refund. See Gordon v. United States, 757 F.2d 1157, 1160 (11th Cir. 1985); Beer v. Commissioner, 733 F.2d 435, 437 (6th Cir. 1984), affg. T.C. Memo. 1982-735; Warner v. Commissioner, 526 F.2d 1, 2 (9th Cir. 1975), affg. T.C. Memo. 1974-243. The taxpayers in Gordon v. United States, supra, and in Warner v. Commissioner, supra, made the same argument that petitioners are making here; i.e., that the Commissioner should not be allowed to make refunds and then demand repayment. To this argument, the Courts of Appeals stated: "'Alas, the

Commissioner, confronted by millions of returns and an economy which repeatedly must be nourished by quick refunds, must first pay and then look.  This necessity cannot serve as the basis of an 'estoppel'.'"  Gordon v. United States, supra at 1160 (quoting Warner v. Commissioner, 526 F.2d at 2).  The Court, therefore, must reject petitioners' position on this issue and sustain respondent.

With respect to petitioners' contention that the interest on the deficiencies should be abated, section 6404(e)(2) provides: "The Secretary shall abate the assessment of all interest on any erroneous refund under section 6602 until the date demand for repayment is made, unless--(A) the taxpayer (or a related party) has in any way caused such erroneous refund, or (B) such erroneous refund exceeds $50,000."

Without passing upon the question of whether the refund in this case constitutes an erroneous refund that was caused by petitioners due to the error in reporting income on their income tax return, we hold that this Court has no jurisdiction in this case over an abatement of interest issue arising under section 6404(e).  As the Court noted in 508 Clinton St. Corp. v. Commissioner, 89 T.C. 352, 355 (1987):  "Section 6404(e), by its very terms, does not operate until after there has been an assessment of interest, which has not yet occurred in this case." In this case, neither the deficiency nor the interest on the

deficiency has been assessed, nor can any assessment be made until the decision in this case is entered.  Petitioners may file with respondent an administrative request for abatement of any interest assessed.  If, in a notice of final determination, petitioners' request is denied, petitioners may then petition this Court for a review of that determination.  However, this Court will order an abatement only if it is shown that the Commissioner abused his discretion in denying the abatement.  See sec. 6404(i);[3] Rule 280(b); <u>Krugman v. Commissioner</u>, 112 T.C. 230, 239 (1999).

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>

---

[3]     Sec. 6404(g) was redesignated sec. 6404(i) by the Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. 105-206, secs. 3305(a), 3309(a), 112 Stat. 685, 743, 745.