SUMMARY ORDER
UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, affirmed. The award of restitution is vacated and remanded to the district court for reconsideration in accordance with this order.
Harold Lynn appeals from the sentence that followed his judgment of conviction, after a guilty plea, for fraudulently concealing assets from the bankruptcy trustee in violation of 18 U.S.C. § 152. The Information charged that Lynn fraudulently concealed his interest in three income tax refund checks made out to him and his wife. The Information valued Lynn’s interest at $104,455, half the total refund. In determining the amount of restitution required by the Mandatory Victim’s Restitution Act, 18 U.S.C. § 3663A, Judge Hel-lerstein concluded that the entire amount of the refund, “all $208,910[,] was to be the property of the debtor and of the trustee ... so that the total amount that’s due for restitution is ... $154,455 [the total value of the refund less the amount Lynn had already repaid].”
Lynn argues that the scope of his offense included only the specific $104,455 dollar value listed in the Information, and, as it is well-established that restitution *269 cannot exceed the scope of the offense, see Hughey v. United States, 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990), restitution should have been limited to $50,000 (the amount Lynn argues he owed less the amount Lynn had already repaid).
The legality of the district court’s order of restitution is reviewed de novo. United States v. Grant, 235 F.3d 95, 99 (2d Cir.2000). The amount of restitution is reviewed under an abuse of discretion standard. United States v. Jacques, 321 F.3d 255, 259 (2d Cir.2003).
Lynn’s offense was fraudulently concealing assets. Because of Lynn’s offense, the bankruptcy estate lost the entire amount of Lynn’s interest in the refund checks, irrespective of the amount listed in the Information. As restitution must be ordered “in the full amount of each victim’s losses as determined by the court,” 18 U.S.C. § 3664(f)(1)(A), the judge did not err in ordering Lynn to pay the full amount of his interest in the refund checks.
We note generally that by including a specific figure in an Information the government may give the defendant the mistaken impression that the district court is limited with respect to an order of restitution by the amount stated in the Information. We think it would be the better practice for the government specifically to inform the defendant that such is not the case. There is no indication in this case, however, that the defendant was misled.
Finally, as the government concedes, the district court erred in finding that the entire amount of the refund checks belongs to Lynn. The full value of a debtor’s tax refund payable jointly to the debtor and his or her spouse does not become the property of the debtor but is calculated on the basis of the parties’s relative contributions to the taxes paid. See Gordon v. United States, 757 F.2d 1157, 1160 (11th Cir.1985). Upon remand, “[t]he burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government.” 18 U.S.C. § 3664(e).
For the foregoing reasons, the judgment of the District Court ordering restitution in the full amount of loss due to' Lynn’s fraud is hereby affirmed. We hereby vacate the restitution award and remand to the district court to determine the correct amount of restitution and for such other proceedings in accordance with this order as the court may deem necessary.