T.C. Summary Opinion 2006-36

UNITED STATES TAX COURT

WILLIAM D. AND BETTY J. BOYD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13780-02S.                    Filed March 2, 2006.

William D. and Betty J. Boyd, pro se.

<u>Thomas C. Pliske</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

---

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year at issue.
All Rule references are to the Tax Court Rules of Practice and
Procedure.

Respondent determined a deficiency of $3,418 in petitioners' Federal income tax for 1999.

The sole issue for decision is whether petitioners had a "home to be away from" within the meaning of section 162(a)(2) during 1999 entitling them to a deduction for employee business expenses.

Prior to trial, petitioners failed to execute an agreed stipulation of facts pursuant to Rule 91(a), whereupon respondent filed a motion to show cause why proposed facts in evidence should not be accepted as established. The response filed by petitioners was not responsive to the Court's order. The Court, accordingly, issued an order making the rule absolute declaring the facts proposed by respondent established for purposes of this case. At the time petitioners filed their petition, they listed an address at Nederland, Texas.

William D. Boyd (petitioner) is a licensed Pentecostal evangelist. He does not have a church or a fixed base of operation for the conduct of his ministry. He and his spouse (Mrs. Boyd) travel throughout the United States in a recreational vehicle and conduct religious services at churches for either a few days or a few weeks. Mrs. Boyd assists petitioner as a singer at each of their appearances.

Petitioners call Prentice, Mississippi, their home. Petitioners, however, do not own or rent any dwelling in

Mississippi or in any other State, except two burial plots in Mississippi. Petitioners have a daughter who lives in Mississippi, and all mail to petitioners is sent to the daughter. Whatever mail she receives, she mails it to petitioners wherever they happen to be. Most of the mail is from churches throughout the United States inviting petitioners to appear at their churches. Petitioners occasionally visit Mississippi, and they always stay as guests at the local church. The local pastor is also a contact person for persons interested in contacting petitioners. During the year at issue, petitioners visited Prentice, Mississippi, three times.

Petitioners, therefore, had no home in Mississippi that they maintained and, accordingly, incurred no expenses in maintaining a home. Petitioners, however, contend that Mississippi is their home, and all their friends and relatives consider petitioners' home as Mississippi.

Petitioners filed a joint Federal income tax return for 1999. They thereafter filed at least two amended returns. On each return, petitioners included a Schedule C, Profit or Loss From Business, on which they reported the income and expenses of their ministerial activity. On each of these returns, the expenses exceeded the reported gross income. For the year at issue, on the return that the Court believes represented the last of the amended returns, petitioners reported Schedule C gross

receipts of $45,153, expenses of $61,219, and a net loss of $16,066.[2]  In the notice of deficiency, respondent disallowed the entire loss.

For purposes of this case, respondent does not challenge the accuracy of the claimed expenses or the amount of income reported.  Respondent's sole basis for disallowing the claimed expenses is that, as a matter of law, petitioners are not entitled to deductions for such expenses.  Petitioners contend that the expenses were incurred in connection with their trade or business, and, therefore, such expenses are deductible. Petitioners also contend that, while their return was under audit, they received a refund of $1.30, and, because of that refund, petitioners believed that their claimed expenses had been allowed.

The issuance of a refund does not preclude Commissioner from issuing a notice of deficiency.  Gordon v. United States, 757 F.2d 1157, 1160 (11th Cir. 1985); Beer v. Commissioner, 733 F.2d 435, 437 (6th Cir. 1984), affg. T.C. Memo. 1982-735; Warner v. Commissioner 526 F.2d 1, 2 (9th Cir. 1975), affg. T.C. Memo. 1974-243.  The taxpayers in Gordon v. United States, supra, and

---

[2]The Schedule C expenses consisted of:

| | |
|---|---:|
| Meals & entertainment (net) | $12,775 |
| Utilities | 744 |
| Other expenses, identified only as dues of $250 and per diem of $47,450 | 47,700 |

The per diem was not described by petitioners at trial.

in <u>Warner v. Commissioner</u>, <u>supra</u>, made the same argument as petitioners; i.e., that respondent should not be able to make refunds and then demand repayment.  To this the Courts of Appeals replied:  "Alas, the Commissioner, confronted by millions of returns and an economy which repeatedly must be nourished by quick refunds, must first pay and then look.  This necessity cannot serve as the basis of an 'estoppel'."  <u>Gordon v. United States</u>, <u>supra</u> at 1160 (quoting <u>Warner v. Commissioner</u>, 526 F.2d at 2).

With respect to the principal issue, whether petitioners are entitled to a deduction for trade or business expenses, section 162(a)(2) allows deductions for traveling expenses, including amounts expended for meals and lodging, if the expenses are (1) ordinary and necessary, (2) incurred while "away from home", and (3) incurred in pursuit of a trade or business.  <u>Bochner v. Commissioner</u>, 67 T.C. 824, 827 (1977).  Respondent does not argue that petitioners have failed to satisfy the first and third tests.  Respondent contends that petitioners were not "away from home" when they incurred the expenses.

As a general rule, a taxpayer's principal place of employment is his "tax home".  <u>Kroll v. Commissioner</u>, 49 T.C. 557, 561-562 (1968).  An employee without a principal place of business may treat a permanent place of residence at which he incurs substantial continuing living expenses as his tax home.

Weidekamp v. Commissioner, 29 T.C. 16, 21 (1957).  Where the taxpayer has neither a principal place of business nor a permanent residence, he has no tax home from which he can be away.  His home is wherever he happens to be.  Brandl v. Commissioner, 513 F.2d 697, 699 (6th Cir. 1975), affg. T.C. Memo. 1974-160; Rosenspan v. United States, 438 F.2d 905, 912 (2d Cir. 1971); James v. United States, 308 F.2d 204 (9th Cir. 1962).

While the subjective intent of the taxpayer is to be considered in determining whether he has a tax home, for purposes of section 162(a)(2), this Court and others consistently have focused more on objective financial criteria.  The section is intended to mitigate the burden of a taxpayer who, because of the travel requirements of his trade or business, must maintain two places of abode and, therefore, incur additional living expenses. Brandl v. Commissioner, supra; Kroll v. Commissioner, supra. Section 162(a)(2) provides relief to a taxpayer who incurs "substantial continuing expenses" of a home which are duplicated by business travel away from home on a temporary basis by allowing a deduction for the expenses of such travel.  A taxpayer has a "home" for this purpose only when it appears he has incurred substantial continued living expenses at the permanent place of residence.  James v. United States, supra at 207-208.

Whether petitioners had a tax home is a factual question and is easily resolved in this case by the fact that petitioners made

only three visits to Mississippi during the year in question, and, on each visit, they stayed at the local church rectory and, perhaps, with their daughter.  While the length of those visits was not established, the record indicates that the visits were not for prolonged periods.  Most significantly, however, petitioners bore no expenses in maintaining a home there in addition to their recreational vehicle.  Thus, petitioners could not be "away from home" within the intent and meaning of section 162(a)(2) because they had no "home" to be away from.  Barone v. Commissioner, 85 T.C. 462, 465 (1985), affd. without published opinion 807 F.2d 177 (9th Cir. 1986); Wirth v. Commissioner, 61 T.C. 855, 859 (1974).  Where the taxpayer does not have a permanent residence, he has no tax home from which he can be away.  The home is wherever the taxpayer happens to be.  Brandl v. Commissioner, supra.  Since that is the factual situation petitioners were in, it follows that they are not entitled to the expenses claimed as deductions on their 1999 Federal income tax return.  Respondent, therefore, is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.