T.C. Summary Opinion 2012-113


UNITED STATES TAX COURT


THOMAS K. MCGUIRE AND SHARON R. MCGUIRE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 747-11S.                    Filed November 19, 2012.


Thomas K. McGuire and Sharon R. McGuire, pro sese.

Patsy A. Clarke and Catherine L. Campbell, for respondent.


SUMMARY OPINION


SWIFT, Judge: This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue
Code in effect for the year in issue.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

The issue for decision is whether respondent may seek to recover from petitioners a $1,300 erroneous rebate refund for 2008 by way of a notice of deficiency respondent issued to petitioners.

The facts have been agreed to, and this issue is before us on respondent's motion for summary judgment.

## Background

At the time the petition was filed, petitioners resided in Washington State.

On Schedule B, Interest and Ordinary Dividends, part II, of petitioners' 2008 timely filed Form 1040, U.S. Individual Income Tax Return, petitioners correctly reported $13,404 for total taxable ordinary dividends they received in 2008;[2] but petitioners failed to report this or any amount on line 9a of their Form 1040, where total ordinary dividends should be carried over from Schedule B and reported.

---

[2]The total amount of ordinary dividends petitioners reported on Schedule B, pt. II, of their 2008 Federal income tax return was $13,414. For purposes of our opinion we use $13,404--the total amount of ordinary dividends petitioners actually received in 2008, as reported to respondent by third parties and as used by respondent in his deficiency determination.

Even though petitioners failed to report the $13,404 in ordinary dividends on line 9a of the Form 1040, they did include this amount when they calculated and reported on line 22 of their Form 1040 adjusted gross income (AGI) of $133,497. On the basis of withholding and estimated tax petitioners had paid, petitioners' 2008 tax return claimed a refund due.

Upon receipt and filing of petitioners' 2008 tax return respondent processed the return and treated the $8,196 in ordinary dividends reported on line 9b as the total amount of ordinary dividends, not the $13,404 correct amount. As a result respondent reduced petitioners' total AGI by $5,208 ($13,404 - $8,196 = $5,208), and respondent calculated a $1,300 increase in the tax refund due petitioners.

On May 4, 2009, respondent paid to petitioners a tax refund relating to their 2008 Federal income tax which included the $1,300 attributable to respondent's erroneous $5,208 undercalculation of petitioners' ordinary dividends.

On August 9, 2010, respondent issued to petitioners a notice showing the $5,208 error in the calculation of petitioners' ordinary dividends and the $1,300 overpayment in the amount of the tax refund respondent paid them.

Rather than directly assessing against petitioners the $1,300 erroneous refund, respondent determined a $1,300 tax deficiency against petitioners for

2008, and on October 18, 2010, respondent mailed to petitioners a notice of deficiency reflecting this $1,300 deficiency determination.

In the notice of deficiency respondent did not use the term "rebate refund" or "erroneous rebate refund" to describe the $1,300 tax deficiency. Rather, respondent simply recalculated petitioners' total ordinary dividends and treated the $1,300 erroneous refund as creating a tax deficiency petitioners owed to respondent.

Discussion

Petitioners argue that because on their 2008 Federal income tax return they correctly reported on Schedule B and in their total AGI the correct $13,404 in total ordinary dividends they received in 2008, there can be no "deficiency" in their 2008 Federal income tax liability and respondent's notice of deficiency (which made no reference to an erroneous rebate refund) should be rejected. In effect, petitioners seek to estop respondent from correcting by way of the tax deficiency procedures and a deficiency determination the mistake respondent initially made in reviewing and processing their 2008 income tax return and in paying petitioners the $1,300.

Under section 6211(a) a deficiency is defined as the amount, if any, by which the tax imposed by the Commissioner on the one hand exceeds the total tax shown

on a taxpayer's return, plus any deficiency previously determined and less the amount of any rebate made to the taxpayer on the other hand. Clearly, under section 6211(a) the $1,300 refund or rebate respondent erroneously calculated and paid to petitioners is to be taken into account and produces the deficiency at issue in spite of the fact that petitioners reported on their Schedule B and in AGI on their 2008 Federal income tax return the correct total of $13,404 in ordinary dividends. See sec. 6211(b)(2); Clayton v. Commissioner, T.C. Memo. 1997-327, aff'd per curiam without published opinion, 181 F.3d 79 (1st Cir. 1998).

As the courts have held, the Commissioner is not precluded from determining that a deficiency exists even after issuing an income tax refund to taxpayers. See Warner v. Commissioner, 526 F.2d 1 (9th Cir. 1975), aff'g T.C. Memo. 1974-243; Hacker v. Commissioner, T.C. Memo. 1993-285, aff'd without published opinion, 29 F.3d 632 (9th Cir. 1994).

As stated further in Warner v. Commissioner, 526 F.2d at 2, "the Commissioner, confronted by millions of returns and an economy which repeatedly must be nourished by quick refunds, must first pay and then look. This necessity cannot serve as the basis of an 'estoppel.'"

We acknowledge that the explanations given in respondent's written communications to petitioners, including his October 18, 2010, notice of

deficiency, were somewhat confusing and could have been clearer; but respondent's notice of deficiency was sufficient to put petitioners on notice of the correct total amount of ordinary dividends respondent was charging to them. We note that respondent's initial miscalculation of petitioners' ordinary dividends and of a $1,300 refund appears to have been triggered by petitioners' failure to report their ordinary dividend income on line 9a of their 2008 Federal income tax return. We will grant respondent's motion for summary judgment.

To reflect the foregoing,

<u>An appropriate order will be issued, and decision will be entered for respondent</u>.