[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**November 30, 2004**
**THOMAS K. KAHN**
**CLERK**

No. 04-10309

D. C. Docket No. 03-02239-CV-T-24-TBM
BKCY No. 02-17020-8B7

In Re:      SIMON SINNREICH,

Debtor.

_____

FRANK MUSOLINO,

Plaintiff-Appellant,

versus

SIMON SINNREICH,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 30, 2004)**

Before BLACK, RONEY and ALARCÓN[*], Circuit Judges.

RONEY, Circuit Judge:

In this case of first impression in this Circuit, we hold that property owned by a Chapter 13 bankruptcy debtor as tenancy by the entireties with a non-debtor under Florida law is not part of the bankruptcy estate and therefore cannot be reached by creditors. Provided that the property meets all requirements as a tenancy by the entireties under applicable law, it is exempt from bankruptcy administration under Section 522(b)(2)(B) of the Bankruptcy Code. Debtor Simon Sinnreich filed a Chapter 13 petition for bankruptcy relief, claiming that certain real estate property and household goods and furnishings held with his non-debtor wife as tenants by the entireties under Florida law was exempt from his creditors pursuant to 11 U.S.C. § 522(b). Frank Musolino, one of Sinnreich's creditors, objected to this claimed exemption. The bankruptcy court denied Musolino's objection. The district court affirmed that decision in a grant of partial summary judgment for the debtor Sinnreich. We affirm.

Section 541(a) of the Bankruptcy Code provides that all of the debtor's interest in the property owned at the time of the filing of a bankruptcy petition becomes

---

[*]Honorable Arthur L. Alarcon, United States Circuit Judge for the Ninth Circuit, istting by designation.

property of the bankruptcy estate. *See* 11 U.S.C. § 541(a). Section 522 of the

Bankruptcy Code, however, exempts from the bankruptcy estate

> any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

11 U.S.C. § 522(b)(2)(B). Section 522 therefore permits the exempted interest in

property to be returned to the debtor free of administration by the trustee.

The nature of a bankrupt's interest in property is determined by state law. *See*

*Butner v. United States*, 440 U.S. 48, 55 (1979). The Supreme Court of Florida has

explained that

> property held by husband and wife as tenants by the entireties belongs to neither spouse individually, but each spouse is seized of the whole. . . . [W]hen property is held as a tenancy by the entireties, only the creditors of both the husband and wife, jointly, may attach the tenancy by the entireties property; the property is not divisible on behalf of one spouse alone, and therefore it cannot be reached to satisfy the obligation of only one spouse.

*Beal Bank SSB v. Almand & Assoc.*, 780 So. 2d 45, 53 (Fla. 2001) (internal citations

omitted).

Despite the clarity of both Florida law and the exemption provided in the

Bankruptcy Code, the creditor, Musolino, argues that "we need go no further" than

3

*United States v. Craft*, 535 U.S. 274 (2002) to bring certain individualized ownership rights of Sinnreich with respect to that property into the bankruptcy administration.

The Supreme Court in *Craft* held that the Internal Revenue Service has the authority to divide tenancy by the entireties property to satisfy the tax obligation of one spouse. 535 U.S. at 288-89. We reject Musolino's argument that *Craft*'s holding, based on the unique powers granted to the IRS under federal law, can be extended to permit creditors in bankruptcy cases to enjoy the same authority the IRS has to divide the property rights of tenancy by the entireties property.

In *Craft*, the respondent's husband failed to file income tax returns, resulting in the IRS attaching a federal tax lien to "'all property and rights to the property, whether real or personal, belonging' to him." 535 U.S. at 276. The respondent argued that the lien could not attach to any property held by her and her taxpayer husband in tenancy by the entireties because, under Michigan law, the entirety property rights could neither "easily be severed unilaterally" nor encumbered without mutual consent of the husband and wife. 535 U.S. at 281. The Court first restated the common idiom that describes ownership of property as a "bundle of sticks" with each individual property right represented by a different stick. 535 U.S. at 278. The Court explained that this bundle of sticks contains several different individual rights, such as, in the tenancy by the entireties ownership regime under Michigan law, the

4

individual right for each spouse to use the property, exclude third parties from it, and receive equal share of the income produced by it. 535 U.S. at 282. It further explained that, under Michigan law, neither spouse may unilaterally alienate or encumber the property.

The Supreme Court then examined the IRS's powers granted by 26 U.S.C. § 6321 to determine if the IRS may pull any of the individual right "sticks" that a defaulted taxpayer may have out of the idiomatic bundle in order to encumber property owed with a spouse by the entireties. The Court determined that the IRS's power to attach a lien on all "property and rights to property" of any individual who failed to pay federal taxes was broad, clearly authorizing the IRS to attach a lien to all property and rights to the property a taxpayer may have, despite state law prohibiting otherwise. 535 U.S. at 288. The Court reasoned that the IRS's power to attach tax liens under § 6321 superceded any exemptions state law may afford a debtor, explaining that the "Supremacy Clause provides the underpinning for the Federal Government's right to sweep aside state-created exemptions." 535 U.S. at 288-89 (internal citations and quotations omitted). As such, the Court held that the IRS's statutory authority permitted it to attach a lien to the respondent's property owned as tenancy by the entireties with her defaulted taxpayer husband. Simply stated, the *Craft* Court announced the rule that the IRS's federal statutory powers to

5

tax and attach liens to property trumped any state property rights afforded to a taxpayer who holds property by the entireties with her spouse.

The *Craft* Court gave no indication that its holding could be extended beyond a tax collection context, which is evidenced by its careful and thorough analysis of the powers of the IRS to attach a lien on all "property and rights to property" of any taxpayer who failed to pay federal taxes as set forth in 26 U.S.C. § 6321. 535 U.S. at 288. The Supreme Court has expressed its "deep reluctance to interpret a statutory provision so as to render superfluous other provisions in the same enactment." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 113 (2001) (internal quotation and citation omitted). To extend to bankruptcy creditors *Craft's* holding that the statutory powers of the IRS enumerated in 26 U.S.C. § 6321 permitted it to attach a lien to property rights held in tenancy by the entireties, despite state law, would impermissibly render § 522(b)(2)(B) of the Bankruptcy Code superfluous.

Although neither the parties nor this Court has identified any circuit court of appeals precedent on this precise issue, several bankruptcy courts have rejected Musolino's argument. *See In re Greathouse*, 295 B.R. 562, 567-68 (Bankr. D. Md. 2003) (declining to extend holding in *Craft*, holding that under Maryland law property held in tenancy by entireties estate is validly exempt from bankruptcy creditors of one spouse under § 522(b)(2)(B)); *In re Kelly*, 289 B.R. 38, 45 (Bankr.

D. Del. 2003) (concluding that *Craft* is inapplicable, holding that "[u]nder Delaware law and [§ 522(b)(2)(B)], property held in an entireties estate is validly exempt and may not be reached by the creditors of one spouse"); *see also Schlossberg v. Barney*, 380 F.3d 174, 182 (4th Cir. 2004) (declining to extend *Craft*, holding that Chapter 7 bankruptcy trustee proceeding pursuant to § 544 of the Bankruptcy Code cannot stand in shoes of the IRS in a tax collection context in order to reach property held in tenancy by the entireties exempted under § 522(b)(2)(B))*; In re Ryan*, 282 B.R. 742, 750 (Bankr. D. R.I. 2002) (noting that "*Craft* gives no indication that the reasoning therein should be extended beyond federal tax law").

The Florida Supreme Court in *Beal Bank* identified six characteristics of property that is held as tenancy by the entireties: (1) unity of possession (joint ownership and control); (2) unity of interest; (3) unity of title; (4) unity of time; (5) survivorship; and (6) unity of marriage. 780 So. 2d at 52. It is undisputed that the ownership of the property involved here has these characteristics, and that it "is exempt from process under applicable nonbankruptcy law." § 522(b)(2)(B).

There is simply no support for the argument that Sinnreich nonetheless has individualized ownership rights with respect to that property that became part of the bankruptcy estate as defined in § 541 of the Bankruptcy Code. The district court's grant of partial summary judgment to Sinnreich, affirming the bankruptcy court's

decision to permit property held as tenants by the entireties by Sinnreich and his wife to fit within the exemption set forth in § 522(b)(2)(B) of the Bankruptcy Code, is

AFFIRMED.