**In re Richard Barton KEPLEY, Sr., Debtor.**

**Robert E. Tardif, Jr., Trustee Plaintiff,**

**v.**

**MBNA America Bank, N.A., Defendant.**

**Bankruptcy No. 9:05BK06753 ALP.**

**Adversary No. 06–220.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 30, 2006.

Stephen R. Leslie, Stichter, Riedel, Blain and Prosser, Tampa, FL, for Debtor.

## ORDER ON MOTION FOR SUMMARY JUDGMENT AND CROSS MOTION FOR SUMMARY JUDGMENT *(Doc. Nos. 10 and 17)*

ALEXANDER L. PASKAY, Bankruptcy Judge.

This is the Chapter 7 liquidation case of Richard Barton Kepley (Debtor) and the matter under consideration is an Adversary Proceeding commenced by Robert E. Tardiff (Trustee) against MBNA America Bank, NA (MBNA).

The Complaint filed by the Trustee sets forth a single claim which is based on an allegation that a payment by the Debtor to MBNA in the sum of $57,335.00 on February 22, 2005, is a voidable preference pursuant to Section 547(b)(4)(A). In due course, MBNA filed its Answer to the Complaint in which it admitted certain matters, including the receipt of the payment described in the Trustee's Complaint. MBNA contends in its First Affirmative Defense that the funds used to make the payment were funds of the Debtor and his non-filing spouse held as tenants by the entireties and, for this reason, MBNA did not receive more than it would have received in a Chapter 7 case if the payment were not made.

In its Second Affirmative Defense, MBNA contends that the funds were paid from an account held by the Debtor and his non-filing spouse as tenants by the entireties. Thus, the funds were not property of the estate of the Debtor and were not subject to administration by the Trustee by virtue of Section 522(b)(2)(B) of the Bankruptcy Code.

In his Motion for Summary Judgment, the Trustee contends that there are no genuine issues of material fact and he is entitled to a judgment in his favor as a matter of law. In support of his Motion, the Trustee contends that the facts that warrant a summary judgment in his favor are as follows.

The Debtor filed his Petition for Relief under Chapter 7 on April 11, 2005. Prior to the commencement of the case, the Debtor became indebted to MBNA through the use of a credit card issued by MBNA. On February 22, 2005, the Debtor repaid MBNA the sum of $57,335.00. According to the Trustee, it is undisputed that the funds paid to MBNA were drawn on a Bank of America checking account held by the Debtor and his wife as tenants by the entireties. It is also uncontested that the funds in the account were scheduled by the Debtor as one of his assets, and neither the Trustee or any creditors or parties of interest objected to the Debtor's claim of ownership of funds in the account.

In due course, MBNA filed a response to the Trustee's Motion for Summary Judgment in which it contended that the funds paid to MBNA were by a check drawn on an account maintained by the

Debtor and his non-filing spouse and held as tenants by the entireties. Thus, the Trustee's preference claim must fail because the funds were never property of the estate and the Trustee cannot establish that there was a transfer of property of the estate.

MBNA also filed a Cross–Motion for Summary Judgment contending there are no genuine issues of material fact and, based on the law, MBNA is entitled to a judgment in its favor dismissing the Trustee's Complaint with prejudice.

■ The Court is satisfied that, indeed, there are no disputed genuine issues of material fact. The sole issue is whether the Debtor's payment to MBNA, using funds from a bank account held by the Debtor and his non-filing spouse as a tenancy by the entirety, was made from funds that were property of the estate, thus requiring its treatment as a preferential transfer.

■ It is basic and elementary that before the Trustee can recover a preferential transfer, he must show that the property transferred would be property of the Debtor's estate but for the transfer. *Begier v. Internal Revenue Service*, 496 U.S. 53, 58, 110 S.Ct. 2258, 2263, 110 L.Ed.2d 46 (1990). In *Begier*, the payment to the IRS was made with funds held by the Debtor as trustee; the Court held that, as such, they were not property of the Debtor's estate and could not be recovered as a preferential transfer. In the case of *Musolino v. Sinnreich*, 391 F.3d 1295 (11th Cir.2004) the court, after noting that the nature of the bankrupt's interest in property is determined by state law, (citing *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)), held that property owned by a debtor as a tenancy by the entireties with a non-debtor under Florida law is not part of the

bankruptcy estate, and therefore cannot be reached by creditors.

■ The Supreme Court of Florida has long held that property held by a husband and wife as tenants by the entireties belongs to neither spouse individually, but rather each spouse is seized of the whole. *Beal Bank, SSB, v. Almand and Associates*, 780 So.2d 45, 53 (2001). Because the property is not divisible on behalf of one spouse alone, it cannot be reached to satisfy an obligation of only one spouse. *Id.* Thus, when property is held in a tenancy by the entireties, only creditors of both the husband and the wife jointly may attach the property so held.

The Trustee admits in his pleading that the funds were, in fact, funds held by the Debtor together with his spouse as tenancy by the entireties. The Trustee's statement in his Motion for Summary Judgment that neither the Trustee nor any creditor or party of interested objected to the Debtor's ownership claim to the funds in the Bank of America account is a non sequitur and bears no relevance to the real issue, which is the immunity from administration of the funds in that account by virtue of Section 522(b)(2)(B).

■ It has been well established that the immunity which ordinarily applies to properties held by a debtor with his non-filing spouse as tenants by the entireties does not apply when a joint creditor or creditors holds a valid claim against both spouses. *E.g. In re Pepenella*, 103 B.R. 299 (M.D.Fla.1988); *also In re Koehler*, 6 B.R. 203, 205 (Bankr.M.D.Fla.1980); *In re Amici*, 99 B.R. 100 (Bankr.M.D.Fla.1989).

This record as it stands is devoid of any allegations that there are, in fact, joint creditors who held valid claims against both the Debtor and his non-filing spouse. Under certain scenarios, it may be proper for a Trustee to administer funds held in a

joint bank account held by a debtor and non-filing spouse as tenants by the entireties. For example, this Court would reach a different conclusion if it could be established by competent evidence that, notwithstanding the character of the account as a tenancy by the entirety, the account contained only the debtor's funds, or the funds were placed in the joint account for the sole purpose of immunizing them from claims of creditors. However, there is no evidence suggesting such a scenario existed in the instant action.

This being the case, this Court is satisfied that based on the undisputed facts in this case, MBNA's Cross–Motion for Summary Judgment should be granted and the Trustee's Motion for Summary Judgment should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Trustee's Motion for Summary Judgment (Doc. No. 10) be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Cross–Motion for Summary Judgment (Doc. No. 17) filed by MBNA America Bank, N.A. be, and the same is hereby, granted.

A separate final judgment shall be entered in accordance with the foregoing.