[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14128
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 27, 2008
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 07-01779-CV-RWS-1
BKCY No. 06-09105-BKC-PW

ARTHUR GHEE,

Plaintiff-Appellant,

versus

RETAILERS NATIONAL BANK, TARGET VISA,
(Douglas A. Scovanner),
CHRISTIE COMES,
ATTORNEY CRAIG R. GOODMAN,
ATTORNEY RUTHANNE W. GOODMAN,
JUDGE JOHNNY PANOS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 27, 2008)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Arthur Ghee ("Ghee"), a Chapter 7 Bankruptcy debtor proceeding *pro se*, appeals the district court's denial of his motion to proceed *in forma pauperis* ("IFP") on appeal from the bankruptcy court's dismissal of Ghee's adversary complaint. On appeal, Ghee argues that the district court abused its discretion by denying his motion to proceed IFP on grounds that each claim in his appeal of the bankruptcy proceedings was frivolous. Specifically, Ghee argues that the following claims are not frivolous: (1) that the bankruptcy court erred by finding that it lacked subject matter jurisdiction over the alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) that the bankruptcy court erred by finding that his allegation that the acts of fraud indirectly violated his discharge injunction, pursuant to 11 U.S.C. § 524(a), failed to state a claim; and (3) that the bankruptcy court erred by denying his motion for reconsideration on grounds that it failed to consider his argument in the complaint that a billing statement violated his discharge order.

"We review a district court's denial of a motion for leave to proceed IFP . . . for [an] abuse of discretion." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004). Although the trial court "has wide discretion" in denying

2

an application to proceed IFP, and "the courts should grant the privilege sparingly," in denying such applications, the court must not act arbitrarily or act on erroneous grounds. *Id.* at 1306-07. IFP proceedings are governed by 28 U.S.C. § 1915. IFP status should be granted where the appellant is indigent unless "the trial court certifies in writing that [the appeal] is not taken in good faith." 28 U.S.C. § 1915(a)(1), (3). A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Alabama Pub. Serv. Comm'n.*, 936 F.2d 512, 515 (11th Cir. 1991).

A Chapter 7 debtor receives a discharge "from all debts that arose before the date of the order for relief." 11 U.S.C. § 727(b). Pursuant to § 524(a)(2), a

3

discharge in bankruptcy "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). A discharge in bankruptcy does not affect the liability of a third party on the same debt. 11 U.S.C. § 524(e); *see also In re Sure-Snap Corp.*, 983 F.2d 1015, 1019 (11th Cir. 1993) (same, relating to third-party guarantor). Under § 541(a)(2), certain "community property" of a non-debtor spouse may be included in the property of the bankruptcy estate. 11 U.S.C. § 541(a)(2). "The nature of a bankrupt's interest in property is determined by state law." *In re Sinnreich*, 391 F.3d 1295, 1297 (11th Cir. 2004). Georgia is not a "community property" state. Ga. Code Ann. § 19-3-9.

A.    *Bankruptcy court's subject matter jurisdiction over RICO claims*

Under 28 U.S.C. § 1334, the district court has original and exclusive jurisdiction over all cases under the Bankruptcy Code, Title 11 of the United States Code. 28 U.S.C. § 1334(a). Moreover, the district court has original, but not exclusive, jurisdiction over " all civil proceedings arising under [T]itle 11, or arising in or related to cases under [T]itle 11." 28 U.S.C. § 1334(b). Nevertheless, the district court may refer such cases and civil proceedings to the bankruptcy court. 28 U.S.C. § 157(a). The bankruptcy court has jurisdiction to hear and

determine cases in three categories: (1) civil proceedings under Title 11, (2) core proceedings arising under Title 11, and (3) core proceedings arising in a case under Title 11. 28 U.S.C. § 157(b)(1). A non-exclusive list of core proceedings is found in 28 U.S.C. § 157(b)(2). We have defined a core proceeding as a proceeding "involv[ing] a right created by the federal bankruptcy law," that "could [not] exist outside of bankruptcy," and that implicated the property of the bankrupt estate. *In re Toledo*, 170 F.3d 1340, 1348 (11th Cir. 1999) (citation omitted).

A bankruptcy court also may hear, but not submit, a final judgment on non-core proceedings that are related to a case under Title 11. 28 U.S.C. § 157(c)(1). In order for jurisdiction to exist under the "related to" language, "there must be some nexus between the related civil proceeding and the Title 11 case." *Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 787 (11th Cir. 1990). A civil proceeding is related to a bankruptcy case if:

> the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.

*Id.* at 788 (citation omitted).

After reviewing the record, we conclude that the district court did not abuse

its discretion by finding as frivolous Ghee's challenge to the bankruptcy court's conclusion that it did not have subject matter jurisdiction over the RICO claims.  It cannot be convincingly argued that there is a legal or factual basis for concluding that  the bankruptcy court erred by finding that the RICO claims were not a core bankruptcy proceeding or related to a core proceeding.

B.      *Failure to state a claim*

To survive dismissal for failure to state a claim, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. at __,127 S. Ct. 1955, 1964-65 (2007) (citation omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at __, 127 S. Ct. at 1965.  In addition, "unsupported conclusions of law or of mixed fact and law" are not sufficient to withstand a dismissal for failure to state a claim.  *McGinley v. Houston*, 361 F.3d 1328, 1330 (11th Cir. 2004) (internal quotations and citations omitted).  Nevertheless, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*).

We conclude from the record that the district court did not abuse its

discretion by concluding that a challenge to the bankruptcy court's decision that Ghee failed to state a claim, in regards to his allegation that the fraudulent acts violated his discharge injunction, is frivolous. The only factual allegations in the complaint concerned an action against Ghee's wife, who was not a party to his bankruptcy, so attempts to collect a debt from her could not have violated Ghee's discharge injunction.

C.    *Motion for reconsideration*

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The point is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp.*, 550 U.S. at __, 127 S. Ct. at 1964 (citation omitted). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum*, 148 F.3d at 1263. Nevertheless, a motion to alter or amend judgment cannot be used to raise a legal argument which could, or should, have been brought prior to the entry of the original judgment. *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000) (habeas context).

We conclude from the record that the district court did not abuse its discretion in finding that an appeal of the denial of Ghee's motion for

7

reconsideration is without arguable merit in fact or law. The appeal is frivolous because, in his motion for reconsideration, Ghee argued that sending him a post-discharge billing statement itself violated 11 U.S.C. §524(a), a claim Ghee did not raise in his complaint and a claim that focused on the appellees' allegedly illegal attempt to collect a debt from his wife, a non-debtor in the bankruptcy proceedings.

In sum, the district court did not abuse its discretion in denying Ghee's motion to proceed IFP on appeal from the decision of the bankruptcy court because each claim in the appeal was frivolous. Accordingly, we affirm the district court's order denying Ghee's motion to proceed IFP.

**AFFIRMED.**