In re Sabrina Ann **FREEMAN**, Debtor.

No. 6:07–bk–05516–KSJ.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

April 30, 2008.

Sabrina Ann Freeman, Champions Gate, FL, for Debtor.

David R. McFarlin, Orlando, FL, Debtor's Attorney.

Leigh R. Meininger, Orlando, FL, Trustee.

### MEMORANDUM OPINION OVER-RULING TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTIONS

KAREN S. JENNEMANN, Bankruptcy Judge.

The debtor, Sabrina Ann Freeman, has claimed her anticipated federal tax refund of $1,339 as exempt from claims of her creditors, relying first on personal property exemptions provided by the Florida Constitution, Article X, Section 4(a)(2),[1] and Florida Statute § 222.25(4),[2] and second upon Section 522(b)(3)(B) of the Bankruptcy Code,[3] which allows a debtor to exempt property owned as a tenant by the entireties. The debtor also claimed her Florida home exempt because she and her non-filing spouse own the property as tenants by the entireties. After claiming the home exempt, the debtor filed an Amended Statement of Intentions changing her intention now to surrender possession of her home (Doc. No. 28).

The Chapter 7 Trustee, Leigh R. Meininger, objects to the debtor's claims of exemption as to $1,009 of the $1,339 tax refund on two grounds[4] (Doc. No. 19). First, the trustee contends that the debtor

---

1. The constitutional personal property exemption provides an exemption for personal property up to $1,000.

2. The statutory personal property exemption provides an exemption of up to an additional $4,000 in personal property, provided all of the requirements of the newly enacted statute are met. *In re Mootosammy*, 387 B.R. 291 (Bkrtcy.M.D.Fla.2008).

3. Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.

4. The trustee does not dispute the debtor's right to claim $330 of the funds exempt pursuant to the constitutional personal property exemption allowed by the Florida Constitution at Article X, Section 4(a)(2), which provides: "(a) There shall be exempt from forced sale ... the following property owned by a

cannot rely on Florida tenancy by the entireties law to exempt the tax refund. Second, the trustee contends the debtor may not use the $4,000 statutory personal property exemption provided by Section 222.25(4) of the Florida Statutes because, when she filed this bankruptcy case, she initially claimed her home as exempt under the Florida Constitution and only later changed her mind to surrender the home, thereby belatedly forfeiting her constitutional homestead protection. Under the trustee's theory, entitlement to exemptions is determined as of the petition date and, because the debtor claimed the constitutional homestead exemption on the petition date, she is prevented from claiming the additional $4,000 statutory personal property exemption due to the statutory language that prohibits use of this new exemption if a debtor did "claim or receive the benefits of a homestead exemption under Section 4, Article X, of the State Constitution."[5] In order to prevail in its objection to the debtor's exemptions, the trustee must succeed with *both* arguments.[6]

As to the trustee's first argument that the tax refund cannot qualify as TBE property, the Court previously has ruled that married couples can own joint income tax refunds as tenants by the entireties. *In re Hinton*, 378 B.R. 371, 378–379 (Bankr.M.D.Fla.2007). *See also In re Kossow*, 325 B.R. 478, 485 (Bankr.S.D.Fla. 2005) (finding that the policy justifications offered in *Beal Bank* should be applied to all personal property, including federal tax refunds). In response, the trustee presented "new" evidence in support of his assertion that the joint tax refunds cannot qualify as TBE property.

At the evidentiary hearing, the trustee's federal income tax law expert testified that a sole spouse acting alone can use federal income tax law to *unilaterally* revoke the couple's election to file a joint return (and therefore receive a joint tax refund) in a number of different ways. Indeed, a sole spouse sometimes can revoke the election even after the original joint return has been filed and, in some cases, after the right to a refund has arisen.[7] The trustee contends this ability to unilaterally revoke a prior decision to file a joint federal tax return prevents married couples who *do* file joint tax returns from owning anticipated federal tax refunds as tenants by the entireties.[8] The Court rejects the trustee's position.

natural person: ... (2) personal property to the value of one thousand dollars."

5. Fla. Stat. § 222.25(4) provides: "The following property is exempt from legal process ... (4) The debtor's interest in personal property, not to exceed $4,000, if the debtor does not claim or receive the benefits of a homestead exemption under Section 4, Article X, of the State Constitution." This Court has previously held that a debtor who protects the homestead as property owned as tenants by the entireties does in fact "claim or receive the benefits of a homestead exemption under Section 4, Article X, of the State Constitution." *In re Franzese*, 383 B.R. 197, 204 (Bankr.M.D.Fla.2008).

6. Either theory of exemption will protect the $1,009 at issue. Fla. Stat. § 222.25(4) provides up to $4,000 of exempt property, clearly

sufficient to protect the refund. TBE property is wholly exempt pursuant to Florida law, regardless of the amount.

7. For example, the trustee's expert testified that a spouse can dispute joint liability for joint returns under three theories: the "innocent spouse" defense; the "injured spouse" defense; or equitable relief. Or, a surviving spouse may elect to revoke the joint filing status, as may the estate of the deceased spouse. Some of the provided revocability rights arise only when there is a joint liability, which is not the case here.

8. Specifically, the trustee contends one or more of the following unities fail as to joint tax refunds: (1) Unity of Survivorship. If one spouse dies, the trustee contends that either the surviving spouse or the representative of the deceased spouse may unilaterally elect to

Section 522(b) of the Bankruptcy Code permits a debtor to claim as exempt certain property interests that otherwise would be included as property of the estate. The eligibility of a debtor's property to be exempt is fixed at the time the bankruptcy petition is filed. Section 522(b)(3)(A) of the Bankruptcy Code provides "... any property that is exempt under Federal [or State] ... law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located[.]" Section 522(b)(3)(B) of the Bankruptcy Code allows for the exemption of an interest in property:

> ... in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

11 U.S.C. § 522(b)(3)(B) (2007).

Florida has a long history of allowing spouses to own property as tenants by the entireties. *Beal Bank, SSB v. Almand and Associates*, 780 So.2d 45, 52 (Fla.2001). Florida entireties law provides that TBE property [9] belongs to neither individual spouse; each spouse holds "the whole or the entirety, and not a share, moiety, or divisible part." *Bailey v. Smith*, 89 Fla. 303, 103 So. 833, 834 (1925). Spouses can own both real and personal property as tenants by the entireties, and courts presume that spouses intend to own property as TBE, in the absence of fraud or evidence otherwise. *Id.* Any party contending marital property is held in another form of ownership carries the burden of proof by a preponderance of the evidence to establish that no TBE ownership exists. *Beal Bank*, 780 So.2d at 58.

The advantage of owning property as TBE is that, although joint creditors can foreclose upon the TBE property, creditors holding claims against only one spouse cannot exercise any rights over the property. *Id.* at 53 *(citing Winters v. Parks*, 91 So.2d 649, 651 (Fla.1956)). In this case, the debtor and her husband apparently have no joint creditors. As such, if the tax refund is owned by the couple as tenants by the entireties, no creditor or the Chapter 7 trustee could reach the property.

The trustee argues that, because certain contingencies exist that would allow one spouse to revoke the couple's deci-

---

revoke the joint filing status and re-file separately for the revoking party's benefit. This, the trustee contends, would destroy the unity; (2) Unity of Interest. Because either party can unilaterally change the joint filing election under certain circumstances, the trustee contends there is no seizure of the whole by each spouse, and the unity is destroyed; (3) Unity of Possession. Because one spouse may disclaim liability under a joint return (e.g. as an "innocent spouse"), the trustee contends the unity is destroyed.

**9.** Six unities must exist simultaneously for property to be owned as tenants by the entireties in Florida: (1) unity of possession (joint ownership and control); (2) unity of interest (the interests must be identical); (3) unity of title (the interest must have originated in the same instrument); (4) unity of time (the interests must have commenced simultaneously); (5) survivorship; and (6) unity of marriage (the parties must be married at the time the property became titled in their joint names). *Beal Bank*, 780 So.2d at 52. "Should one of these unities never have existed or be destroyed, there is no entireties estate." *United States v. One Single Family Residence With Out Buildings Located at 15621 S.W. 209th Ave., Miami Fla.*, 894 F.2d 1511, 1514 (11th Cir.1990). A presumption that marital personal property is held as tenants by the entireties arises when all six unities are present. *In re Daniels*, 309 B.R. 54, 59 (Bankr.M.D.Fla. 2004) (extending the presumption created in *Beal* regarding marital bank accounts "to include all marital personal property, not just financial accounts.").

sion to file a joint tax return, they necessarily can never own a joint tax refund as tenants by the entireties. This argument would prevent spouses from owning any property as tenants by the entireties based on the mere possibility of a future change of circumstances. The bare possibility that one spouse *might* take some hypothetical unilateral action destroying the unities required for property to be held as tenants by the entireties does not render the property non-exempt. For example, couples who own property as tenants by the entireties sometimes get divorced, which destroys the unity of marriage. *Sheldon v. Waters*, 168 F.2d 483, 485 (5th Cir.1948). Upon divorce, the unity of marriage is lost and former marital TBE property no longer is owned by the divorced spouses as TBE. Florida law, however, does not prevent married couples from owning TBE property simply because one of the spouses sometime in the future may decide to divorce the other, which is similar to the argument the trustee makes here.

 Contingencies exist in life. Property that qualifies as TBE property today may not qualify for the protected status tomorrow. To determine whether a debtor can exempt a joint tax refund claimed by her and her non-filing spouse or, for that matter, whether *any* type of property qualifies as TBE, a court should consider the status of property ownership on the day the bankruptcy petition was filed and disregard contingencies that may never occur.

Here, neither the debtor nor her non-filing spouse has taken any hypothetical actions suggested by the trustee's expert that might have destroyed any of the unities. They filed a joint tax return; they have not revoked this election; they are entitled to a joint federal tax refund of $1,339, which qualifies for ownership between them as tenants by the entireties. On the date the debtor filed her bankrupt-

cy petition, all required unities existed. As such, the tax refund is properly claimed as exempt TBE property by the debtor pursuant to Section 522(b)(3)(B) of the Bankruptcy Code, insofar as she shares no joint creditors with her husband. The trustee's objection (Doc. No. 19) is overruled.

Because the debtor's tax refund is exempt, the Court will leave to others the decision as to whether a debtor who initially is not entitled to the statutory personal property exemption can later change her mind by surrendering the otherwise exempt home long after the bankruptcy case is filed. A separate order consistent with this Memorandum Opinion shall be entered.