[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10002
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 7, 2010
JOHN LEY
CLERK

D.C. Docket No. 5:08-cv-00515

In Re:  TIMOTHY VERN SCHWEIZER,

Debtor.

_____

TIMOTHY VERN SCHWEIZER,

Plaintiff-Appellant,

versus

GENE T. CHAMBERS,
NC TWO, LP,
CAPITOL INDEMNITY CORPORATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 7, 2010)

Before CARNES, MARCUS, and COX, Circuit Judges.

PER CURIAM:

Timothy Vern Schweizer appeals the judgment of the district court affirming the bankruptcy court's decision holding that the bankruptcy court may not reexamine the issue of what property is subject to the homestead exemption in ruling on a lien avoidance motion under 11 U.S.C. § 522(f) when a state court has previously entered a final order determining the portion of a debtor's land that is covered by the state homestead exemption. We affirm.

The facts in this case are undisputed. Schweizer purchased a 320-acre parcel of land in 2003 and lived on the property. In 2005, two creditors – NC Two, L.P., and Capitol Indemnity Corporation – obtained separate judgments against Schweizer and recorded them in the two counties which the property straddles. Later that same year, NC Two filed an action in state court to foreclose its lien. Capitol was a party to the action and sought to enforce its subordinate lien. Under Florida law, a person who owns and resides on property located outside a municipality may claim a homestead exemption on up to 160 acres of contiguous land. Fla. Const. art. X, § 10. NC Two, Capitol, and Schweizer disagreed on which 160 contiguous acres of the 320-acre parcel should be deemed homestead property. The parties briefed and argued the issue. The state court resolved the dispute in the creditors' favor, specifically describing the property that was exempt and scheduling a foreclosure sale

2

on the remainder of the property. Schweizer did not appeal the decision and does not now take the position that the state court's decision was wrong.

After the deadline for any appeal had passed, but before the scheduled foreclosure sale, Schweizer filed a Chapter 7 bankruptcy petition. The filing stayed the foreclosure sale. In his amended schedule C, Schweizer claimed a homestead exemption on 160 acres of property within the 320-acre parcel different from the 160 acres that the state court had decreed constituted his homestead. NC Two, Capitol, and the bankruptcy trustee objected.

Schweizer moved under 11 U.S.C. § 522(f) to eliminate NC Two's and Capitol's liens from the 160 acres he claimed as exempt. The bankruptcy court denied the motion, holding that under the *Rooker-Feldman* doctrine,[1] it could not reexamine the state court's determination, and that only the land identified by the state court was exempt. Schweizer appealed, and the district court affirmed the decision of the bankruptcy court. Schweizer appeals; he argues that the court erred in concluding that the bankruptcy court could not reexamine the issue of his homestead exemption under a lien avoidance motion pursuant to 11 U.S.C. § 522(f).

---

[1]*See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983).

Schweizer argues that the state court's judgment regarding his homestead exemption may be avoided as the fixing of a judicial lien on an interest in his property. In support of his contention, Schweizer relies on cases that examine the scope of Section 522(f). What Schweizer fails to recognize, however, is that the key to this case is not § 522(f), but rather § 522(b).

After a debtor files for bankruptcy, he is entitled to retain certain assets as exempt from the bankruptcy estate. Although the bankruptcy code provides exemptions, a state may opt-out of those exemptions and provide alternative exemptions. 11 U.S.C. § 522(b). In an opt-out state, debtors may exempt "any property that is exempt under . . . State or local law that is applicable on the date of the filing of the petition." Id. § 522(b)(3)(A). Florida elected to opt-out and has enacted its own exemptions. Fla. Stat. § 222.20.

Section 541 of the Bankruptcy Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." We have previously held that state law defines the scope and existence of the property interest. *In re Sinnreich,* 391 F.3d 1295, 1297 (11th Cir. 2004) (citing *Butner v. United States,* 440 U.S. 48, 55, 99 S. Ct. 914, 918 (1979)). Therefore, Florida law governs the scope and existence of the debtor's interest in homestead property. 11 U.S.C. § 522(b); Fla. Stat. § 222.20.

4

In this case, when the state court entered judgment delineating the extent of Schweizer's homestead exemption, it defined the scope and existence of Schweizer's § 522(b) property interest. Thus, at the time of Schweizer's bankruptcy filing, the 160-acre parcel determined by the state court, and not any other division of Schweizer's 320 acres, was subject to the lien avoidance protections of § 522(f). Section 522(f) provides that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section . . . ." Consequently, § 522(f) protections are only available if a lien impairs a debtor's § 522(b) exempt property. Here, the state court defined what property Schweizer was allowed to claim as exempt, but Schweizer disregarded the state court's definition, claimed that other land was exempt, and sought to avoid liens to portions of his 320-acre property that are not covered by § 522(b). This, clearly, is not allowed.

We agree with the district court's well-reasoned analysis concluding that the bankruptcy court correctly held that it was bound by the state court's identification of the 160 acres covered by the homestead exemption. (R.1-21 at 3-9.) Therefore, we hold that the district court did not err in affirming the bankruptcy court's decision.

AFFIRMED.

5