IN RE: James V. UTTERMOHLEN, Debtor.

Traci K. Stevenson, Appellant,

v.

James V. Uttermohlen, Appellee.

No. 8:11–cv–2584–T–33.

United States District Court, M.D. Florida, Tampa Division.

Dec. 17, 2012.

David B. McEwen, St. Petersburg, FL, for Appellant.

Laurie Lee Blanton, Fitzhugh & Blanton, PA, Venice, FL, for Appellee.

### *ORDER*

VIRGINIA M. HERNANDEZ COVINGTON, District Judge.

This matter comes before the Court pursuant to the Notice of Appeal (Doc. # 1–1) filed by Traci K. Stevenson, as Chapter 7

Trustee of the estate of James V. Uttermohlen, on November 17, 2011. Stevenson appeals the Order Overruling Trustee's Objection to Debtor's Claim of Exemptions (Doc. # 1–3; B.R. Doc. # 30) entered by the Bankruptcy Court on October 24, 2011.

After considering the briefs of the parties and the record below, the Court finds that the facts and legal arguments are adequately presented and the decision-making process would not be aided significantly by oral argument. For the reasons that follow, the Court concludes that the Bankruptcy Court's order must be affirmed.

### I. Background and Procedural Posture

Debtor James V. Uttermohlen filed under Chapter 7 of the Bankruptcy Code on June 17, 2010, seeking to discharge $38,942.07 in unsecured, non-priority liabilities. (Doc. # 1–8 at 1). Uttermohlen filed a Schedule C claiming exemption of a "2010 Tax Refund" in an unknown amount pursuant to Fla. Stat. § 222.25(3)–(4) and the Florida Constitution. (Doc. # 1–7 at 12). Uttermohlen later amended Schedule C to include the 2010 Tax Refund in the amount of $10,668.00 as exempt tenancy-by-the-entireties (TBE) property under 11 U.S.C. § 522(b)(3)(B) as well as Florida law. (Doc. # 1–10 at 6).

Trustee Traci K. Stevenson timely objected to Uttermohlen's claimed exemptions. (Doc. # 1–11). In the objection, the Trustee raised three issues: the refunded tax contributions are solely related to the Debtor's income, business income and losses; the non-filing spouse does not work outside the home; and the 2010 Tax Refund is not TBE property and should be apportioned according to each spouse's income contribution.[1] (Doc. # 6–1). The Bankruptcy Court initially sustained Ste-

venson's objections "to the extent the value of the claimed Property exceeds the allowable exemptions under Florida law." (Doc. # 1–12 at 1). The order was entered "without prejudice to the Debtor's claims." (Id.).

Stevenson and Uttermohlen presented their arguments before the Bankruptcy Court on July 18, 2011. (Doc. ## 1–11, 1–13, 23–1). The Bankruptcy Court held that there was a rebuttable presumption that the tax refund was TBE property, and gave Stevenson 30 days to rebut that presumption. (Doc. # 23–1 at 4:16–21). As such, the Bankruptcy Court neither sustained nor overruled the objection. (Id.). In a hearing held on September 12, 2011, Stevenson advised the Bankruptcy Court that she had found no joint creditors of the Uttermohlens and did not otherwise rebut the presumption of TBE. (Doc. # 23–2 at 2:12–13). Because the Trustee failed to rebut the presumption, the Bankruptcy Court overruled Stevenson's objection. (Id. at 2:24–3:2).

The Bankruptcy Court entered its Order Overruling Trustee's Objection to Debtor's Claim of Exemptions on October 24, 2011. (Doc. # 1–3). The Bankruptcy Court found that all unities required to own property as TBE existed on the date Uttermohlen filed bankruptcy and that the tax refund was properly claimed as exempt TBE property. (Id.). Stevenson timely filed a Notice of Appeal of that order on November 1, 2011. (Doc. ## 1–1, 1–2).

### II. Standard of Review

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. In re Colortex Indus., Inc., 19 F.3d 1371, 1374 (11th Cir.1994). Upon

---

1. The allocation of the 2010 Tax Refund, if appropriate, was not addressed by the Bank-

ruptcy Court and therefore not presented for review in this appeal.

entry of a final order by the bankruptcy court, a party may appeal to the district court pursuant to 28 U.S.C. § 158(a). Upon appeal, the district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Fed. R. Bankr.P. 8013.

■ This Court reviews de novo the legal conclusions of the bankruptcy court, *In re JLJ, Inc.*, 988 F.2d 1112, 1116 (11th Cir.1993). This Court reviews the bankruptcy court's findings of fact using the clearly erroneous standard described in Federal Rule of Bankruptcy Procedure 8013: "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." *See id.* (citing Fed. R. Bankr.P. 8013). "A finding of fact is clearly erroneous when although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Crawford v. Western Elec. Co., Inc.*, 745 F.2d 1373, 1378 (11th Cir.1984) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

The issue presented on appeal is whether Uttermohlen may properly claim a post-petition tax refund as exempt TBE property pursuant to § 522(b)(3)(B) of the Bankruptcy Code. Stevenson states as a separate issue whether all unities required to hold property as TBE existed as to the federal income tax refund on the date Uttermohlen filed his bankruptcy petition.

### III. *Analysis*

■ The filing of a voluntary bankruptcy petition creates a bankruptcy estate that includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The portion of a debtor's federal income tax refund attributable to the pre-petition portion of the taxable year may be property of the bankruptcy estate. *In re Doan*, 672 F.2d 831, 833 (11th Cir. 1982) (citing *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966)). However, "[p]roperty interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

■■ Exempt from the bankruptcy estate is "any interest in which the debtor had, immediately before the commencement of the case, an interest as tenant by the entirety" if that property would be "exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(3)(B). Property held as TBE is exempt from the claims of individual creditors under Florida law, although a bankruptcy trustee may reach TBE property to the extent of joint debts of both spouses or a fraudulent conveyance of the property. *Havoco of Am., Ltd. v. Hill*, 197 F.3d 1135, 1139 (11th Cir.1999). Courts have held that funds deposited into a joint bank account held as TBE are exempt from the bankruptcy estate. *See In re Robedee*, 367 B.R. 901, 907 (Bankr.S.D.Fla.2007).

■ Property held as TBE has six characteristics: (1) unity of possession (joint ownership and control); (2) unity of interest (the interests in the account must be identical); (3) unity of title (the interests must have originated in the same instrument); (4) unity of time (the interest must have commenced simultaneously); (5) right of survivorship; and (6) unity of

marriage (the parties must be married at the time the property became titled in their joint names). *Beal Bank, SSB v. Almand & Assoc.*, 780 So.2d 45, 52 (Fla. 2001). Under Florida law, property owned by a husband and wife is presumed to be held as TBE absent some express intent to the contrary. *Id.* at 55–6.

"Prior to the *Beal Bank* decision, if the matter involved personalty, the debtor had the burden of proving the intent to create an entireties estate." *In re Kossow*, 325 B.R. 478, 483 (S.D.Fla.2005). In *Beal Bank*, "the Florida Supreme Court concluded that stronger policy considerations favor allowing the presumption in favor of a tenancy by the entireties when a married couple jointly owns personal property." *Id.* at 485. In light of that, the *Kossow* court concluded that those policy considerations "should be applied to all personal property, including joint tax refunds." *Id.* at 488. The court noted that a married couple "must sign and file a joint tax return," making them "jointly and severally liable for any tax liability," and "any tax refund check is issued in the names of both spouses." [2] *Id.* As such, the court found that a joint income tax refund is TBE property subject to the rebuttable presumption. *Id.*

Nevertheless, there appears to be a split among bankruptcy courts in the Middle District of Florida regarding the applicability of TBE to tax refunds. Some bankruptcy courts have held that a joint tax refund is subject to immunity under TBE. *See In re Gorny*, No. 6:08–bk–7–ABB, 2008 WL 5606583 (Bankr.M.D.Fla. Aug. 29, 2008) (refund qualified for ownership as TBE); *In re Freeman*, 387 B.R. 871, 874 (Bankr.M.D.Fla.2008) (fact that one

spouse could unilaterally revoke the decision to file a joint tax return did not mean that the couple could not own a tax refund TBE); *In re Hinton*, 378 B.R. 371, 379 (Bankr.M.D.Fla.2007) ("nothing . . . in any way limits the ability of married spouses to elect to own federal tax refunds or any other type of personal property as tenants by the entireties").

Others have reached the opposite conclusion. *See In re Morine*, 391 B.R. 480, 482 (Bankr.M.D.Fla.2008) ("Because the refund is attributable solely to the Debtor's income and not to his non-debtor spouse, the interest in the refund check only belongs to the Debtor"); *In re Kant*, No. 8:04–bk–20026–PMG, 2006 WL 4919043, at *3 (Bankr.M.D.Fla. Apr. 12, 2006) ("a husband and wife may not have the unity of interest in a tax refund that is necessary for a tenancy by the entireties"). Acknowledging the holding in *Kossow*, the *Kant* court noted that "a creditor *may* overcome the [rebuttable] presumption by establishing that the unities necessary to establish a tenancy by the entireties are not present." 2006 WL 4919043, at *2 (emphasis added).

Stevenson asserts that the Uttermohlens' tax refund lacked the unity of interest, citing *Gordon v. United States*, 757 F.2d 1157 (11th Cir.1985). In *Gordon*, the Eleventh Circuit held that, under § 6402(a) of the Internal Revenue Code, "a refund under a joint return . . . is divided between the spouses, with each receiving a percentage of the refund equivalent to his or her proportion of the withheld tax payment." 757 F.2d at 1159–60. The *Kant* court relied upon *Gordon* and § 6402(a) in determining that the spouses in question did not have a unity of interest in their

---

**2.** Stevenson faults *Kossow* for its statement that "a husband and wife must sign and file a joint tax return." She notes that filing jointly is optional, although both spouses must sign

the return if they elect to so file. While the *Kossow* court's wording may be somewhat imprecise, it is of little consequence to the reasoning.

joint tax refund because only the debtor had tax withholdings. 2006 WL 4919043, at *3. The court also noted Revenue Ruling 74–611, which states that "a husband and wife who file a joint return do not have a joint interest in an overpayment; each has a separate interest." *Id.*

However, *Gordon* predates *Beal Bank* and is distinguishable from the instant case. There, the parties were divorced and the former wife was attempting to recover a refund the IRS had applied to a tax liability owed exclusively by the former husband, creating a deficiency as to their joint return. *Id.* at 1159. The *Gordon* court did not analyze whether a joint tax refund could be held as TBE.

More directly on point is the Eleventh Circuit's decision in *In re Sinnreich*, 391 F.3d 1295 (11th Cir.2004). Although *Sinnreich* did not involve a tax refund, it addresses the interplay between TBE property and the special powers given to the IRS under the Internal Revenue Code.

There, a creditor sought to reach assets owned by the debtor and his non-filing spouse as TBE, applying the rationale of *United States v. Craft*, 535 U.S. 274, 122 S.Ct. 1414, 152 L.Ed.2d 437 (2002). In *Craft*, the Supreme Court held that because each spouse had certain individual rights in TBE property that fell within the meaning of property defined by the Internal Revenue Code, the IRS may attach a lien to TBE property. *Id.* at 282, 122 S.Ct. 1414. In *Sinnreich*, the Eleventh Circuit declined to extend the holding in *Craft* to other creditors, finding that the IRS had "unique powers" to attach a lien to TBE property. 391 F.3d at 1297. Otherwise, the TBE protection afforded by the Bankruptcy Code would be rendered superfluous. *Id.* at 1298.

Applying the *Sinnreich* reasoning to the applicability of TBE to joint tax refunds, the court in *In re Newcomb* found that

"§ 6402(a) and the Revenue Ruling create a narrow exception allowing *only* the IRS to defeat the unity of interest that is presumed to exist under *Beal Bank*." No. 8:05–bk–29581–CPM (Bankr.M.D.Fla.2005) (unpublished memorandum opinion) (emphasis in original). To hold otherwise would automatically preclude married couples from holding a joint tax refund as TBE:

> If creditors other than the IRS were permitted to rely on the IRS's authority to allocate a portion of a joint tax refund to individual spouses as the basis for rebutting the tenancy by the entirety presumption, then a debtor could never establish a tenancy by the entirety in a joint tax refund. Whether a debtor contributed all (as in *Kant* and *Morine*), none, or a portion of the overpayment, the joint tax refund would always be subject to attack by any creditor of just one of the spouses, with the allocation based on 26 U.S.C. § 6402(a). Such a result runs contrary to the limitations imposed by *Sinnreich* and to the presumption of entirety property afforded by *Beal Bank*.

*Id.* Noting that property interests in a bankruptcy case must be determined according to state law, the court found that

> the policy justifications ... set forth in *Beal Bank* should apply with equal force to joint tax refunds, subject to the rebuttable presumption discussed in *Beal*. The presumption operates to shift the burden of proof to the trustee to prove by a preponderance of evidence that the debtor and his spouse did not intend their joint tax refund to be tenancy by the entirety property.

*Id.*

The Court finds this reasoning to be sound and highly persuasive. The Court therefore holds that § 6402(a), Rev-

148

enue Ruling 74–611 and the *Gordon* decision do not overcome the presumption that the Uttermohlens intended to hold their joint income tax refund as TBE. Stevenson must prove by a preponderance of the evidence that no TBE ownership exists. *Freeman*, 387 B.R. at 874. This she has failed to do.

Stevenson next asserts that the joint tax refund lacked the unities of possession, time and title because there is no common fund opened at the same time with the same rights for each taxpayer. (Doc. # 6 at 12–13). She argues that each taxpayer deposits tax payments at different times, in different amounts and from different sources into a separate "account" with the Treasury Department. *(Id.* at 13). A joint tax return converts these separate funds into one fund, the refund. *(Id.* at 12). Therefore, she asserts that a "refund does not become eligible for coverage by the tenancy by the entireties until the tax return has been filed. In the instant case, that event occurred post-petition."[3] *(Id.*).

Stevenson cites the logic of *Gordon* and *Kant* to support this theory—logic with which this Court disagrees, as discussed above. Furthermore, taxpayers cannot obtain refunds until the tax year ends and they file a tax return. Under Stevenson's theory, a joint tax refund for the year during which the bankruptcy petition is filed would always be subject to attack by creditors. Based upon the preceding analysis, the Court finds that the IRS's treatment of tax payments cannot be used to defeat the presumption that the resulting refund is held TBE.

Furthermore, an overpayment is distinct from a refund. *In re Pigott*, 330 B.R. 797, 800 (Bankr.S.D.Ala.2005). While "[a]n overpayment" is defined as 'any payment made by the taxpayer over and above the tax liability' ... [a] refund is 'an obligation of the IRS to pay the taxpayer an overpayment.'" *Id.* (internal citations and quotations omitted). It is in the refund that the taxpayer has a property interest.

While a debtor may not obtain a refund until the tax year closes, the predicates for receiving the refund may occur prior to filing the bankruptcy petition. *In re Witko*, 374 F.3d 1040, 1043 (11th Cir.2004). Thus, a debtor possesses "an existing interest [in the refund] at the time of filing even though his enjoyment of that interest was postponed." *Id.* (explaining *Segal*, 382 U.S. at 380, 86 S.Ct. 511) (internal quotations and citations omitted). It is under this very theory that a tax refund is included in the bankruptcy estate.

█ The Court finds that the Uttermohlens had an interest in the prospective refund at the time of filing and the law presumes that they intended to possess that interest as TBE. They evinced that intent by filing a joint tax refund making them jointly and severally responsible for any tax liability, and received a refund check in both their names. *See Kossow*, 325 B.R. at 483.

Stevenson stresses that, as of the date of filing, the Uttermohlens were free to file their tax return either jointly or individually and elected to file a joint return. (Doc. # 6–1 at 12). However, "[t]he bare possibility that one spouse might take some

**3.** Stevenson also argues that "creation of tenancy by the entirety requires an instrument of conveyance containing proper words of conveyance and demonstrating intent to transfer the grantor's interest into entireties property," citing *In re Larish*, 149 B.R. 117 (Bankr. M.D.Tenn.1993). That reasoning runs counter to the presumption afforded by *Beal Bank*. 780 So.2d at 55. Furthermore, at least one Tennessee bankruptcy court has disagreed with *Larish*. *See In re Garbett*, 410 B.R. 280, 286 (Bankr.E.D.Tenn.2009) (agreeing with Florida court decisions that found joint tax refunds to be TBE property).

hypothetical unilateral action destroying the unities required for property to be held as tenants by the entireties does not render the property non-exempt." *Freeman*, 387 B.R. at 875. Neither of the Uttermohlens took such a unilateral action, and the Court finds that all the unities necessary for the joint tax refund to be held as TBE property were present at the time Uttermohlen filed his bankruptcy petition.

In sum, the Court finds that the Uttermohlens' joint tax refund is presumed to be held as TBE and Stevenson has failed to rebut that presumption. The Bankruptcy Court properly found that the joint tax refund is exempt pursuant to § 522(b)(3)(B) of the Bankruptcy Code. The Bankruptcy Court's order is therefore affirmed.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The Bankruptcy Court's Order Overruling Trustee's Objection to Debtor's Claim of Exemptions (Doc. # 1–3; B.R. Doc. # 30) is **AFFIRMED.**

(2) The Clerk is directed to transmit a copy of this Order to the Bankruptcy Court and thereafter **CLOSE** this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this *17th* day of December, 2012.